PALERMO. LAND & WATER CO. v. RAILROAD COMMISSION OF CALIFORNIA et al.

(District Court, N. D. California, Second Division. February 8, 1915.)

No. 114.

COURTS ☞508—FEDERAL COURTS—ENJOINING RATES ESTABLISHED BY STATE COMMISSION.

The California Public Utilities Act (St. Cal. 1911 [Ex. Sess.] p. 18), gives to the state Railroad Commission power to fix rates to be charged by public utilities, and provides (section 66) that after any order fixing rates any party affected may apply to the Commission for a rehearing, and that no cause of action arising out of any such order shall accrue in any court unless application for a rehearing shall have been made before the time for the order to become effective. It also empowers the Commission to suspend the order pending the rehearing if necessary. *Held*, that a federal court will not entertain a suit to enjoin enforcement of such an order, on the ground that it violates constitutional rights, until the complainant has exhausted the legislative remedy provided by the state by an application for a rehearing.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1423, 1425–1430; Dec. Dig. ☞508.]

In Equity. Suit. by the Palermo Land & Water Company against the Railroad Commission of the State of California and others. On motion to dismiss bill. Motion granted.

Appeal dismissed 225 Fed. 1022, —— C. C. A. ——.

McCutchen, Olney & Willard, of San Francisco, Cal., for plaintiff.

Max Thelen and Douglas Brookman, both of San Francisco, Cal., for defendants.

VAN FLEET, District Judge. The bill seeks a final decree avoiding an order of the defendant Commission, made in the exercise of power conferred by the Public Utilities Act of the state (Stats. of Cal. [Ex. Sess.] 1911, p. 18), fixing plaintiff's water rates, on the ground that such rates are confiscatory and will take plaintiff's property without due process of law; and it asks for an injunction enjoining enforcement of the order pendente lite. The defendant has moved to dismiss the bill on the ground that the action is prematurely brought.

Section 66 of the Public Utilities Act provides that after any order or decision by the Commission any party pecuniarily interested may apply to the Commission for a rehearing in the matter, and that:

"No cause of action arising out of any order or decision of the Commission shall accrue in any court to any corporation or person unless such corporation or person shall have made, before the effective date of said order or decision, application to the Commission for a rehearing."

The bill fails to disclose that any application was made for a rehearing in the present case, and it was conceded at the argument that no such application had been interposed.

It is contended by the defendants, and I think correctly so, that the facts bring the case within the principles of Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 29 Sup. Ct. 67, 53 L. Ed. 150. There the Constitution and laws of Virginia vested the power to fix rates for public utilities in a state Commission, but provided that any party deeming himself aggrieved should have the right of appeal from the action of the Commission to the Court of Appeals of the state, which latter tribunal was vested with power to review the order of the Commission, and if found to be unjust to itself make such order fixing rates as in its judgment should have been made by the Commission in the first instance. The state Commission having made its order fixing the rates there complained of, the railroads affected, without availing themselves of the right of appeal to the court of last resort of the state, filed their bills in the Circuit Court of the United States to have the enforcement of the order enjoined on grounds precisely similar to those involved here. An injunction having been granted, the Commission appealed to the Supreme Court, where it was held that, regardless of the form of the tribunal or its general judicial powers, the fixing of rates is a legislative and not a judicial act, and that a party injured by such order, no matter what the form of the proceeding in which it is made, may not at the proper time be debarred from having it judicially reviewed, but that, the railroads having failed to avail themselves of the right of appeal afforded them by the state law before filing their bills, the proceedings were premature and could not be entertained.

This is rested, not only upon well-settled principles of equity jurisprudence, but upon the dictates of comity as well; that where a state has provided, as is its right, a complete legislative scheme for the fixing of rates, those rights should not be interfered with, nor the proceedings of the state arrested, until the last legislative step has been taken, and it may definitely be seen whether the act of the state as a finality ignores or infringes upon the rights of the complaining party; that until such time it cannot be said that the state authorities have violated those rights, or refused to observe them, and until that stage is reached it is not within the province of the federal courts to interfere. As aptly and tersely put by the Chief Justice in his concurring opinion:

"The transaction must be complete, and jurisdiction cannot be rested on hypothesis. A fortiori, this must be so where federal courts are asked to interfere with the legislative, executive or judicial acts of a state, unless some exceptional and imperative necessity is shown to exist, which cannot be asserted here. Moreover, this is demanded by comity, and what comity requires is as much required in courts of justice as in anything else. * * * And as applied to federal interference with state acts, the observance of this rule of comity should be regarded as an obligation. It is recognized as such by section 720 of the Revised Statutes."

These considerations have application and controlling effect in the present case. It can with no more propriety be said here that the proceedings of the state commission were complete without an op-

portunity to revise its order on petition for rehearing than that the order of the Virginia Commission was final without the exercise of the revisory power of the Court of Appeals. The right and opportunity to correct any injustice or imperfection in its order before having it assailed is as imperative here as was the right of the Virginia Commission to have its order reviewed by its court of last resort. It is the last legislative step, and without it its action is incomplete. Nor are the cases to be distinguished by the fact that there the appeal was to a separate tribunal while here the tribunal is the same. The principle applies equally in both cases. As made plain by the Supreme Court, the function of the Court of Appeals, under the Constitution and laws of Virginia governing the fixing of rates, was no less a legislative act because committed to a tribunal exercising in other respects high judicial powers. It was still but a part of a legislative scheme to accomplish legislative ends. It can make no possible difference, therefore, in the application of the principle that here the right of review or reconsideration is committed to the same body by whom the order is originally made. Being but a legislative act, it is as competent for the Commission to review and correct its order as it would be were that function committed to any other body; and it should be afforded that opportunity.

Nor can it make any difference in the present inquiry if, as contended by the plaintiff, the Utilities Act, properly construed, gives the Commission power to order a rehearing upon its own motion. It is not required to take any such step, while the act expressly provides that the order shall not be deemed final or actionable until an application for a rehearing has been made by the party aggrieved and action had thereon. It is further said, in effect, that an application for rehearing is not effectual to arrest the taking effect of the order, since under section 66 of the Utilities Act such application does not automatically suspend its operation, and that therefore, notwithstanding such application, it would be within the power of the Commission, by a failure or refusal to act upon it until after the date of the taking effect of its order, to defeat plaintiff's rights and render it subject to the terms of the order, with its pains and penalties, without an opportunity to have it judicially reviewed. But obviously there is nothing of substance in this suggestion. The Commission is expressly given power to suspend its order pending a rehearing, and it is to be presumed that it would do so in any case where required to maintain the status quo. It certainly will not be presumed that it will so undertake to palter with the rights of a party as to jeopardize his remedy, nor could it do so with success. It is not within the power of the state to defeat the right of a party to have such an order judicially reviewed after it has reached a justiciable stage. This principle is emphasized in the Prentis Case. If, therefore, in a case where the party has presented his petition for rehearing, thus doing all that he can or is required to do to protect his rights, those rights should be threatened through the failure or refusal of the Commission to act, it cannot be doubted that a court of equity would deem the case one ripe for its interposition.

In this case, however, the Commission has expressly declared at the bar and in its brief its readiness to entertain an application for a rehearing of the present order, notwithstanding the lapse of the usual time given for the purpose, and has intimated its readiness to suspend the effect of the order until such petition can be passed upon. Should such application be made, and relief denied for any reason, plaintiff will then be in a position to seek a judicial review of the order; but the present bill must, for the reasons indicated, be regarded as premature.

There is nothing in Detroit & Mackinac R. R. Co. v. Michigan Railroad Commission et al., 235 U. S. 402, 35 Sup. Ct. 126, 59 L. Ed. 288, just decided (December 14, 1914), tending to affect or modify these views.

The motion to dismiss is granted, without prejudice, however, to the right of the plaintiff to renew its application here, should the circumstances require.