PRENDERGAST ET AL., CONSTITUTING THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, ET AL. *v.* NEW YORK TELEPHONE COMPANY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 542.   Argued February 21, 1923.—Decided April 16, 1923.

1. The fact that a public service commission, seven months after it had been temporarily enjoined from enforcing rates fixed by it provisionally for a public service corporation, made final orders fixing rates yielding a much higher return, does not, without more, establish that the former rates were confiscatory when they were made, and does not, therefore, constitute a sufficient basis for dismissing, on motion, an appeal from the temporary injunction.   P. 46.

2. The District Court, constituted of three judges, has jurisdiction, under Jud. Code, § 266, to enjoin the enforcement of rates ordered by a public commission, upon the ground that the order is unconstitutional. P. 47. *Oklahoma Natural Gas Co.* v. *Russell*, 261 U. S. 290.

3. A bill to enjoin enforcement of rates, as confiscatory, properly alleges the ultimate facts upon which the claim of confiscation is based, omitting mere statements of evidence. Equity Rule 25, par. 3. P. 47.

4. In the matter of fixing telephone rates, the Public Service Commission of New York is vested with the final legislative authority of the State, review by the state courts by certiorari being purely judicial. Laws N. Y. 1920, c. 925, §§ 1304, 1305, pp. 437, 438. P. 48.

5. Under the New York Public Service Commission Law, an application to the Commission for a rehearing is allowed, but not required, does not excuse compliance with the Commission's order or its enforcement, except as the Commission may direct, and is addressed entirely to the discretion of the Commission; and any change that may be made upon rehearing does not affect the enforcement of any right arising from the original order. *Held,* that a telephone company, complaining that rates fixed by the Commission were confiscatory, need not apply to it for a rehearing before resorting to the federal court for an injunction, and that failure so to apply was manifestly no ground for denying a temporary injunction, when the Commission by its answer insisted that the orders in question were correct. P. 48.

6. For like reasons, it was not necessary that the complaining company should first have exercised the privilege granted by one of the orders, of applying to the Commission for a modification of a classification affecting the rates. P. 49.

7. The fact that rates prescribed are temporary, to be effective only until the final determination by the Commission, does not prevent resort to the Court to restrain their enforcement pending the continuance and completion of the rate-making process. P. 49.

8. To sustain an application for an order temporarily restraining enforcement of rates challenged as confiscatory, the plaintiff is not obliged to offer in evidence testimony taken by the Commission which fixed the rates. P. 50.

9. A temporary injunction should be sustained on appeal when not contrary to equity or the result of improvident exercise of judicial discretion, and especially when the balance of injury as between the parties favors its issue. P. 50.

10. The evidence in this case was sufficient without a practical test of the rates involved.  P. 51.

Affirmed.

APPEAL under Jud. Code, § 266, from an order of the District Court temporarily restraining enforcement of orders of the New York Public Service Commission prescribing maximum telephone rates.

*Mr. Simon Fleischmann* and *Mr. Wilber W. Chambers,* with whom *Mr. Carl Sherman,* Attorney General of the State of New York, *Mr. Ledyard P. Hale* and *Mr. Martin Clark* were on the briefs, for appellants.

*Mr. John W. Davis,* with whom *Mr. Charles T. Russell* and *Mr. Nathaniel T. Guernsey* were on the brief, for appellee.

*Mr. George P. Nicholson, Mr. M. Maldwin Fertig* and *Mr. Harry Hertzoff,* by leave of court, filed a brief on behalf of the City of New York, as *amici curiae.*

MR. JUSTICE SANFORD delivered the opinion of the Court.

. This is an appeal, under § 266 of the Judicial Code, from an order of the District Court enjoining *pendente lite* the enforcement of orders of the Public Service Commission of New York prescribing maximum rates for the exchange service of the Telephone Company.

The Commission, having entered upon an investigation as to the rates charged by the Company for telephone service within the State, on March 3, 1922, after a large amount of evidence had been taken, but before the hearings had been completed, made the two orders in question. One of these reduced temporarily, pending final determination, the maximum rates to be charged by the Company after April 1, for exchange telephone service in the City of New York. The other made a like reduc-

tion in the maximum rates for such service in other municipalities within the State, which were divided into groups, with basic area rates in each; with a further provision that either the Company or any municipality affected might apply for modification of the classifications on or before April 15. The Company on March 29 filed its bill in the District Court against the Commission, its counsel and the Attorney General of the State, for the purpose of enjoining the enforcement of these orders, upon the ground that they were confiscatory and in violation of the Fourteenth Amendment. An application for an interlocutory injunction was heard by three judges; and the court as thus constituted on June 12 granted an interlocutory order enjoining the defendants from enforcing the orders of the Commission pending the final hearing and until the further order of the court; the Company being required to give bond for $6,000,000 to secure the repayment to its subscribers of all excess charges paid pending the suit in the event the injunction should thereafter be dissolved. From this interlocutory order the defendants have appealed directly to this Court.

Since the argument on the appeal the Company has submitted a motion to dismiss the appeal or affirm the order of the court, upon the ground that on January 25, 1923, the Commission made final orders in the pending investigation establishing a schedule of telephone rates for the State which will yield the Company a much higher annual return than the temporary rates whose enforcement was enjoined. This, it is insisted, shows that the injunction was properly granted.[1] The fact that the

---

[1] The motion, which is supported by affidavits, alleges that the annual return which will be afforded by the rates established by the final orders of the Commission will exceed by not less than $2,000,000 the revenue afforded by the rates which were in effect before the Commission prescribed the temporary rates in question, and by about $5,000,000 the revenue which would have been afforded by such temporary rates.

Commission has, more than seven months after the injunction was granted, made orders allowing higher rates—whose correctness may yet be questioned in appropriate proceedings for review—upon evidence not before us, does not establish that the injunction was rightly granted under the conditions which then existed. See *Cumberland Telephone Co. y. Louisiana Commission* (D. C.), 283 Fed. 215, 218. Hence the motion is denied.

The appellants urge, in substance, as grounds of error: That the special court of three judges had no jurisdiction to grant the injunction; that the bill contained insufficient averments of fact, as distinguished from mere conclusions; that it was prematurely filed; and that the injunction was granted upon insufficient evidence.

We conclude:

1. The specially constituted court of three judges had jurisdiction under § 266 of the Judicial Code to hear and determine the application for the injunction upon the ground of the unconstitutionality of the orders of the Commission. *Oklahoma Natural Gas Co.* v. *Russell*, 261 U. S. 290.

2. The defendants answered the bill on the merits without questioning in any way the sufficiency or form of its averments. See *Campbell* v. *United States*, 224 U. S. 99, 106. The bill specifically alleged that the cost of the Company's property in the State devoted to the rendition of intrastate telephone service, the cost of its reproduction, and its fair and reasonable value exceeded the sums of $247,000,000, $373,000,000 and $323,000,000, respectively; and that the rates prescribed by the Commission would prevent it from earning more than 2.56% per annum upon the cost of such property and 1.96% upon its fair and reasonable value, and would not afford it a fair return upon such value. In short, it aptly stated the ultimate facts upon which the Company asked relief,

omitting any mere statements of evidence.    25th Equity
Rule, par. 3.

3. Upon the making by the Commission of the orders
in question the proceedings had reached the judicial stage
entitling the Company to resort to the court for relief.
*Bacon* v. *Rutland Railroad,* 232 U. S. 134, 137; distin-
guishing *Prentis* v. *Atlantic Coast Line Co.,* 211 U. S. 210,
229, in which an appeal had not been taken to the highest
tribunal vested with the final legislative authority of the
State.    Here the Commission is vested with the final legis-
lative authority of the State in the rate-making process;
the authority exercised by the state courts upon a review
by certiorari (*People v. Wilcox,* 194 N. Y. 383), being
purely judicial and having no legislative character.    Laws,
New York, 1920, c. 925, §§ 1304, 1305, pp. 437, 438.

It was not necessary that the Company should apply
to the Commission for a rehearing before resorting to the
court.    While under the Public Service Commission Law
any person interested in an order of the Commission has
the right to apply for a rehearing, the Commission is not
required to grant such rehearing unless in its judgment
sufficient reason therefor appear; the application for the
rehearing does not excuse compliance with the order or
its enforcement except as the Commission may direct;
and any change made in the original order upon the re-
hearing does not affect the enforcement of any right aris-
ing from the original order (§ 22).    As the law does not
require an application for a rehearing to be made and its
granting is entirely within the discretion of the Commis-
sion, we see no reason for requiring it to be made as a
condition precedent to the bringing of a suit to enjoin the
enforcement of the order.    See, by analogy, *Hollis* v.
*Kutz,* 255 U. S. 452, 454; *Re Arkansas Rate Cases* (C. C.),
187 Fed. 290, 306; *Atlantic Coast Line* v. *Interstate Com-
mission* (Com. Ct.), 194 Fed. 449, 452; *Baltimore Rail-
road* v. *Railroad Commission* (C. C.), 196 Fed. 690, 693,

699; and *Chicago Railways* v. *Illinois Commission* (D. C.), 277 Fed. 970, 974. In *Palermo Water Co.* v. *Railroad Commission* (D. C.), 227 Fed. 708, the statute specifically provided that no cause of action should accrue in any court out of any order of the Commission unless an application for a rehearing had been made. Here the Commission did not suggest in its answer that it perceived any ground upon which it would have granted a rehearing, if an application had been made, but, on the contrary, maintained the correctness of its orders in all respects. Manifestly under such circumstances the injunction should not have been denied merely because application had not been made to the Commission for a rehearing.

And for like reasons, it was not necessary that the Company should have exercised the privilege granted by one of the orders of applying to the Commission for modification of the classification.

Nor did the fact that the orders of the Commission merely prescribed temporary rates to be effective until its final determination, deprive the Company of its right to relief at the hands of the court. The orders required the new reduced rates to be put into effect on a given date. They were final legislative acts as to the period during which they should remain in effect pending the final determination; and if the rates prescribed were confiscatory the Company would be deprived of a reasonable return upon its property during such period, without remedy, unless their enforcement should be enjoined. Upon a showing that such reduced rates were confiscatory the Company was entitled to have their enforcement enjoined pending the continuance and completion of the rate-making process. *Cumberland Telephone Co.* v. *Louisiana Commission, supra.* And see, by analogy, *Oklahoma Natural Gas Co.* v. *Russell, supra;* and *Love* v. *Atchison Railway* (C. C. A.), 185 Fed. 321, 326 (affirming

174 Fed. 59, and 177 Fed. 493). If the Commission, however, had fixed an early date for the final hearing this might have been taken into consideration by the court as an element affecting the exercise of its discretion in the matter of granting an interlocutory injunction. *Cumberland Telephone Co.* v. *Louisiana Commission, supra,* p. 217. But in the present case the Commission was still continuing indefinitely its general investigation and had not fixed any date for the final hearing.

4. The application for the injunction was heard by the District Court upon the pleadings and affidavits relating to the cost and value of the Company's property, its revenue and expenses. It was not necessary that the Company offer in evidence the voluminous testimony that had been taken by the Commission on the legislative question prior to making the orders in question. The bill did not challenge the orders of the Commission on the ground that it had acted arbitrarily, without any evidence. See *Louisville Railroad* v. *Garrett,* 231 U. S. 299, 308. The sole issue presented was whether or not the orders were confiscatory; which was to be determined by the court upon the evidence submitted to it. Either party might, of course, show, by competent testimony, any fact brought out before the Commission which might throw light upon this issue; and the defendants cannot now rightly complain that the Company did not introduce evidence which they themselves do not appear to have regarded as material.

The District Court, after consideration and analysis of the evidence, concluded that the value of the Company's property upon which it was entitled to a return could not be reduced much below $300,000,000, and that the rates prescribed could not possibly yield a fair return upon such valuation. It is well settled that the granting of a temporary injunction, pending final hearing, is within the sound discretion of the trial court; and that, upon appeal,

an order granting such an injunction will not be disturbed unless contrary to some rule of equity, or the result of improvident exercise of judicial discretion. *Meccano, Ltd.* v. *John Wanamaker,* 253 U. S. 136, 141; *Love* v. *Atchison Railway, supra,* p. 331; and cases there cited. Especially will the granting of the temporary writ be upheld, when the balance of injury as between the parties favors its issue. *Amarillo* v. *Southwestern Telephone Co.* (C. C. A.), 253 Fed. 638, 640. Here the Commission had prescribed temporary rates which were found to be confiscatory, which were to continue in effect pending the final determination of the Commission after its investigation had been completed; and no date had been fixed for the completion of this investigation or the final hearing. The Company meanwhile could only be protected from loss by injunction; while, on the other hand, its subscribers were protected by the bond which was required for the return of the excess charges collected if the injunction should be thereafter dissolved. There was no necessity in the particular situation presented for any test period of the new rates.

And finding nothing in the record which justifies us in concluding that the District Court improvidently exercised its judicial discretion in granting the interlocutory injunction, its order is

*Affirmed.*