

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3486
Re: Use tax levied by Article 6,
House Bill 8, Forty-seventh
Legislature.

In your letter of August 12, 1941, you request the opinion of this department in response to three questions, viz:

"1. If owners of commercial vehicle whose resident and home office is in N. M. brings truck to Texas for purpose of commercial hauling for an unspecified length of time and applies for Texas License for that purpose, is he due to pay the 1% use tax, if so on what bases do we compute same, as the truck may be six years old or three months old.

"2. If a resident of N. M. and has been a resident for either thirty daysor three years and moves to Texas and applies for Texas license and the fact may be that he bought his car either, before May 1st, 1941, or since that date, is he due to pay a use tax if so on what bases to be figured.

"3. If individual, firm or corporation doing business in another State such as Major Oil Companies, brings a car into Texas either permanently or for a period of time and applies for Texas License, is he due to pay the 1% use tax, if so what bases are tax to be computed on."

Section 1 of Article 6, H. B. 8, 47th Leg., levies a tax upon all sales of motor vehicles sold in this State, the tax being 1% of the sales price. Then Section 2 thereof provides:

"Sec. 2. There is hereby levied a use tax upon every motor vehicle purchased at retail sale outside of this State and brought into this State for use upon the public highways thereof by a resident of this State or by firms or corporations domiciled or doing business in this State. Such tax shall be equal to one (1) per cent of the total consideration paid or to be paid for said vehicle at said retail sale. The tax shall be the obligation of and be paid by the

person, firm, or corporation operating said motor vehicle upon thepublic highways of this State."

While the use tax is levied by Section 2 against (1) residents of this State, (2) firms and corporations domiciled in this State, and (3) firms and corporations doing business in this State, it makes no levy of the tax against an individual person who is a non-resident of Texas, although doing business in this State. For, an individual person is neither a corporation nor a firm. 10 Tex. Jur. 586; Dodson vs. Warren Hdw. Co., 162 S. W. 952; our opinion No. 0-3545. So far asyour first question relates to an individual person, our answer is that no use tax is due.

As respects firms and corporations our answer to such question is a partially different one. As already noted the tax is levied against a firm or corporation doing business in this State, which has purchased a motor vehicle outside the State and brings the same into this State for use upon the public highways. This would apply to a foreign corporation or a firm domiciled outside this State. As to vehicles purchased since May 1, 1941, the effective date of H. B. 8, our answer to your first question, as it relates to firms and corporations, is that the tax is due. The statute provides only one measure of the tax, which is one per cent of the purchase price of the car. The tax must be computed on that basis.

We have reached the conclusion, however, that when the vehicle was purchased prior to May 1, 1941, the use tax is not due. We have heretofore held that Section 1, levying the tax on sales made within the State, does not apply as to sales made prior to the effective date of H. B. 8, although not registered until after that time. Opinion No. 0-3495.

The use tax levied in Section 2 is compensatory to the sales tax levied by Section 1. One of its effects must be that retail sellers in Texas will be helped to compete upon terms of equality with retail dealers in other states who are exempt from a sales tax or any corresponding burden. Another effect, or at least another tendency, must be to avoid the drain upon the revenues of the State, buyers not being tempted to place their orders in other states in the effort to escape payment of the tax on local sales. Similar compensating tax statutes have been sustained by thecourts, but in all such cases that we have found where the statute was sustained the court was able to point out and did point out and emphasize the fact that the complementary tax was fair and non-discriminatory. Henneford vs. Silas Mason Co., 81 L. Ed. 814, 300 U.S. 577; State vs. Pope, 195 So. 346, La.; Williamsburg Power Plant Corp. vs. City of

New York, 7. N. Y. S. (2) 326, aff. 20 N. E. (2d) 12. See also, Vancouver Oil Co. vs. Henneford, 49 Pac. (2) 14, Wash.; Nat'l Linen Ser. Corp. vs. State Tax Com., 186 So. 478, Ala.; Sonneborn vs. Keeling, 67 L. Ed. 1095, 262 U. S. 506; Douglas Aircraft Co. vs. Johnson, 90 Pac. (2) 572, Cal.; Continental Supply Co. vs. People, 88 Pac. (2) 488, Wyo.

The principle of equality would demand that the tax levied in Section 2 should not operate as to vehicles purchased prior to the effective date of the Act, since Section 1, the portion of the Act to which Section 2 is complementary, does not apply to vehicles purchased prior to that date. We believe that Section 2 is susceptible of that construction and we do so construe it.

We gather that your second question relates only to a private individual. For reasons sufficiently appearing above we answer that question in this way: if this person's change of domicile precedes his application for the car license he will be required to pay the use tax, if he has purchased the vehicle on or since May 1, 1941. If he is a non-resident at the time of application he may register without paying the tax. In any event he may register his car without paying the use tax, if he purchased it prior to May 1, 1941. The measure of the tax is one per cent of the price he paid for the car.

We presume that your third question has reference to persons resident in this State and to firms and corporations domiciled or doing business in this State. If so, the answer is: the tax will be due as to vehicles purchased on or after May 1, 1941, but not as to those acquired before that date. In those cases where the tax is due it will be based on the price paid for the vehicle by the applicant.

Our answer to your fifth question in our opinion No. 0-3519 had reference to individual persons only, not to firms or corporations domiciled or doing business in this State.

Yours very truly<br>
ATTORNEY GENERAL OF TEXAS

APPROVED AUG. 22, 1941      s/ Glenn R. Lewis
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS    By

Glenn R. Lewis<br>
Assistant

GRL:ej/cg          Approved Opinion Committee
By JHS, Chairman