Public Service Commission, } No. 3874.
Aug. 16, 1949.

## NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY

*v.*

## THE STATE OF NEW HAMPSHIRE & a.

516

*Sulloway, Piper, Jones, Hollis & Godfrey* and *T. Baxter Milne* of Massachusetts (*Mr. Hollis* orally), for the company.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Wyman* orally), for the State.

PER CURIAM. Following our decision in *New England Telephone & Telegraph Company* v. *State, ante,* 353, the company on May 18, 1949 filed with the Public Service Commission a motion for the establishment of temporary rates, alleging that upon a basis of earnings and expenses of intrastate operations for the six-months period ended March 31, 1949, the rates presently in effect produced revenues insufficient by $150,000 to meet the costs of such operations for the period. After hearing, the Commission on July 18, 1949, entered an order denying the motion, but providing that the company shall be permitted under R. L., c. 292, s. 29, to recover the difference between the gross income received under present rates, and what the gross income would be under permanent rates which shall be finally established, should the latter rates be higher.

The motion now addressed to this court alleges that the portion of the Commission order providing for recoupment is without legal force and effect because the Commission established no temporary rates under R. L., c. 292, s. 28; that the result of intrastate operations for the year ending July 31, 1949, adjusted to reflect changes in effect for only part of the year, indicates an operating loss of approximately $150,000 for the year; and that such loss constitutes an unconstitutional confiscation of the company's property. The company seeks an injunction prohibiting the Commission and the Attorney General from taking action calculated to prevent the company from placing in effect a schedule of monthly base rates which are still higher than those proposed in the course of the prior proceedings, and then stated to be sufficient to produce a return of seven percent upon the intrastate investment as then calculated. In affidavits supporting the motion it is asserted that the increased rates now proposed will afford only partial relief, and produce a net return of less than five percent upon what the company considers to be the present average net intrastate investment.

The motion is grounded upon a claim of confiscation and of a right to an independent review of the facts and the law. *Ohio Valley Co.* v. *Ben Avon Borough,* 253 U. S. 287; *Prendergast* v. *New York Telephone Co.,* 262 U. S. 43. Whatever doubt about the present authority of the

decisions relied upon may have been raised by later decisions of the same tribunal, the question of confiscation is not presented if the order of the Commission providing for recoupment of losses under present rates is effective. *Beaver Valley Water Co.* v. *Driscoll*, 28 F. Supp. 722; *Matter of Bronx G. & E. Co.* v. *Maltbie*, 271 N. Y. 364, 374, 375. See also, *Driscoll* v. *Edison Co.*, 307 U. S. 104.

A motion for rehearing is now pending before the Commission. Since no appeal has yet been taken from its order denying temporary rates, the record of the hearing and the resulting findings of the Commission are not before us. We may however take notice of the Commission's report, if indeed we are not required so to do. See *Railroad Commission* v. *Oil Co.*, 311 U. S. 570, 576.

The Commission has found that the public interest does not require a temporary increase in rates pending final establishment of permanent rates. However, unless current rates are prescribed by temporary order under *s.* 28, *supra*, the order for recoupment in the event of a higher permanent rate lacks statutory authority. (Id., *s.* 29) Entry of the order for recoupment indicates that the Commission intended that no confiscation should occur; and its findings, of which we take judicial notice, point to a probability of increased revenues and reduced expenses in future months, sufficient to produce a return under existing rates substantially in excess of the operating loss forecast by the motion before us. While the Commission's order has the effect of establishing the present rates as temporary rates, it does not in terms do so, and the motion for such rates was denied. It follows that the order for recoupment is without statutory foundation.

Under the circumstances however we are not disposed to afford the company the relief sought solely upon the *ex parte* evidence supporting its motion, without knowledge of the evidence which prompted the Commission to deny a temporary rate increase. The issue of confiscation, and the question of promulgation of new rates should not be determined in the first instance by this court upon company evidence alone. The duty of fixing reasonable rates, whether they be temporary or permanent, rests in the first instance with the Commission, and from its decision an appeal is provided.

Accordingly the motion of the company will be denied, to afford the Commission an opportunity to revise its order in the light of this opinion. The motion is denied without prejudice to any right of renewal should the Commission fail to revise its order after a reasonable time for reconsideration. We do not presently undertake to determine whether under appropriate circumstances the company

may be entitled to obtain relief by the method which it now seeks to utilize.

Whether an order establishing the current rates as temporary rates may properly be entered we cannot now decide. Under the provisions of section 28, *supra*, temporary rates must furnish a reasonable return upon the cost of the intrastate property less depreciation, as shown by company reports. The provision for recoupment (*s.* 29), indicates that a return lower than that to be produced by permanent rates may be reasonable as a temporary matter. Admittedly the cost of property used in intrastate operations is not disclosed, as such, by the reports of the utility filed with the Commission, but must be determined from the figures for total New Hampshire investment. If the intrastate figure has ever been determined by the Commission, it has not been disclosed by findings. See *Company* v. *State, supra*, 358, 359. What relation any figure previously determined may have to the cost as of today does not appear. We know only that figures submitted by the company in support of the motion filed here have not been accepted by the Commission and as we have indicated, we are not prepared to adopt them in the face of the recent findings of the Commission based upon a record not presently before us.

The statute contemplates that in fixing temporary rates, the necessary allocation of cost between intrastate and other property shall be made by reasonably practical and expeditious means, without such investigation as might be deemed necessary to a determination of permanent rates. Neither the method of allocation nor its result needs to be adopted in the final establishment of permanent rates; but an order for temporary rates must comply with the requirements of section 28, *supra*.

*Motion denied.*