**STATISTICAL TABULATING CORPORATION, Plaintiff,**

v.

**TASK FORCE, INCORPORATED, Office Extras, Incorporated and Consultants and Designers, Incorporated, Defendants.**

United States District Court
S. D. New York.
Oct. 2. 1961.

Bauer & Seymour, New York City, for plaintiff; John L. Seymour, New York City, of counsel.

Ostrolenk, Faber, Gerb & Soffen, New York City, for defendants Task Force, Inc. and Office Extras, Inc., Sidney G. Faber, New York City, of counsel.

David M. Markowitz, New York City, for defendant Consultants & Designers, Inc.

CASHIN, District Judge.

This is a motion, brought on by an order to show cause, for a preliminary injunction restraining defendants from using the name "Task Force" and any colorable variation thereof.

Plaintiff is a Delaware corporation, with its office in Chicago, Illinois, and is the owner of all the stock of a corporation of the same name organized under the laws of New York, having an office in New York City. Defendants, Task Force, Incorporated, and Office Extras, Incorporated, are wholly owned subsidiaries of defendant Consultants and Designers, Incorporated. All three defendants are New York corporations. The facts are essentially as follows:

The plaintiff has used the name "Task Force" in interstate commerce since about 1956 or 1957 in connection with furnishing supplementary services to its customers in key punching, bookkeeping, accounting, operation of business machines and the supplying of temporary or supplementary office personnel. In November 1958, plaintiff obtained the registration of "Task Force" in the Patent Office. Plaintiff claims to have done extensive advertising in which the mark "Task Force" was associated with "Statistical Tabulating Corporation" and its symbolic abbreviation "stc". Five advertising circulars were submitted as exhibits to this court, each of which was mailed to prospective and regular customers in the years 1957, 1958, 1959, 1960 and 1961. Except for the year 1957 when 53,000 circulars were mailed, there has been no evidence submitted as to the amounts mailed each year. The circulars contained such phrases as "Introducing a New Kind of Task Force", "Task Force Service", "STC Task Force Service" and "One Worker or a Task Force".

On May 10, 1960, Office Extras, Incorporated, filed for a certificate of incorporation in New York to render services similar to the ones rendered by plaintiff. On March 17, 1961, the defendant, Task Force, Incorporated, filed for a certificate of incorporation. The directors listed in the certificates of incorporation of both these corporations are the same, and the purposes of the two corporations are substantially the same.

Plaintiff argues that it has already suffered irreparable damage and financial loss because confusion has arisen as to the ownership of the mark "Task Force" and the origin of the services and that defendants are acquiring customers by the use of plaintiff's mark. Plaintiff submitted the testimony of Elizabeth White, a personnel counselor of Task Force, a division of Statistical Tabulating Corporation. She testified that her job was to take and try to fill orders from clients for temporary help and that two of plaintiff's clients, Ebasco and General Foods Corporation, had thought Task Force meant Office Extras, Incorporated, and did not associate it with plaintiff. Similarly, an official of the Columbia Broadcasting System called the Managing Director of plaintiff's New York office and asked if Task Force, Incorporated was connected with plaintiff.

Defendant claims that the name "Task Force, Incorporated" was arrived at because personnel with military background happened to be associated with the parties involved and that neither of the three corporate defendants, nor any of their personnel, were aware of the claim of Statistical Tabulating Corporation to the mark "Task Force" nor of the registration certificate. However, it should be noted that a Lauretta Daly, who was a Director of Personnel for plaintiff, left the plaintiff's employ to enter that of defendant on or about November 12, 1959. Plaintiff claims that said Lauretta Daly had knowledge of plaintiff's use of "Task Force", an allegation which Lauretta Daly does not deny.

Defendants further allege that the term "Task Force" is descriptive and that plaintiff, itself, has never regarded it as anything but descriptive. Moreover, defendants claim that plaintiff's advertising has been sporadic and not sufficient for the term "Task Force" to acquire a secondary meaning, and that there has been no showing of irreparable damage to plaintiff.

Plaintiff contends that 15 U.S.C.A. § 1057(b) justifies the issuance of the preliminary injunction. Under this section a certificate of registration of a mark on the principal register is made *prima facie* evidence of the validity of the registra-

tion, the registrant's ownership of the mark and of registrant's exclusive right to use the mark in commerce in connection with the goods specified in the certificate, subject to any conditions and limitations stated therein. However, defendants have raised a troublesome point in claiming that "Task Force" is a descriptive term and that plaintiff has not advertised sufficiently to have acquired a secondary meaning. Moreover, although plaintiff has claimed loss of customers, it has not shown any irreparable damage.

██ It is well settled that the granting or denying of a temporary injunction is within the sound discretion of the trial court. Deckert v. Independence Shares Corp., 1940, 311 U.S. 282, 290, 61 S.Ct. 229, 85 L.Ed. 189; Prendergast v. New York Telephone Co., 1923, 262 U.S. 43, 50, 43 S.Ct. 466, 67 L.Ed. 853. The party requesting the preliminary injunction bears the burden of establishing the right to such relief and that irreparable injury will probably result if it is not granted. Sims v. Greene (3 Cir. 1947) 161 F.2d 87, 89. Even so "The award of an interlocutory injunction by courts of equity has never been regarded as strictly a matter of right, even though irreparable injury may otherwise result to the plaintiff. * * * Even in suits in which only private interests are involved the award is a matter of sound judicial discretion, in the exercise of which the court balances the conveniences of the parties and possible injuries to them according as they may be affected by the granting or withholding of the injunction." Yakus v. United States, 1944, 321 U.S. 414, 440, 64 S.Ct. 660, 674, 88 L.Ed. 834.

██ From my inspection of the papers and exhibits before me, and after full consideration of the arguments of both sides, I am not convinced that plaintiff's contentions are so clearly sustained by the facts and the law as to warrant a summary disposition of so important an issue. It seems advisable to have all the facts and circumstances as to the use of the mark "Task Force", the purposes and intents of the parties and the probable effect of continued use of the mark presented to the court before it would be justified in determining this issue.

I find that the issue cannot be decided on the present motion. There is no proof of probable irreparable damage resulting from the denying of this motion. Should the plaintiff feel that irreparable injury might be suffered prior to the time when this case would ordinarily be reached for trial, it would seem appropriate, upon application, to later consider the necessity or advisability of an earlier listing of the case for trial.

Motion for a preliminary injunction is denied.

It is so ordered.