**MEREDITH PUBLISHING COMPANY,**
Plaintiff,

v.

**UNIVERSAL PUBLISHING AND DISTRIBUTING CORP., Defendant.**

United States District Court
S. D. New York.
Oct. 6, 1961.

Cooper, Dunham, Dearborn & Henninger, New York City, John N. Cooper, Gerald W. Griffin, New York City, of counsel, for plaintiff.

Swiger, Kelley, Harragan & Schott, New York City, J. Robert Ellner, New York City, of counsel, for defendant.

CASHIN, District Judge.

This is a motion, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for a preliminary injunction enjoining defendant from using the words or designation "Better Homes" on any of its publications.

Plaintiff is a corporation of the State of Iowa, having its principal place of business in Des Moines, Iowa. Defendant is a New York corporation and has a place of business in New York City. The facts are essentially as follows:

Plaintiff has published a periodical titled "BETTER HOMES" since 1954 and a magazine under the name and

trademark "BETTER HOMES and Gardens" since August 1924. This monthly magazine is circulated throughout the United States and foreign countries and has a monthly circulation in excess of 5,300,000. Plaintiff has registered the trademarks "BETTER HOMES and GARDENS", "BETTER HOMES and Gardens" and "BETTER HOMES" in the United States Patent Office.

Defendant is a general publisher of magazines and paper covered pocket sized books. Its regular publications include such magazines as "Family Handyman", "Ski Life" and "Golf", and for the past ten years the defendant has also published many "books" known as Home Plan books. These are referred to by the defendant as books, even though they are in the form of a magazine, because they are published just once and not weekly or monthly. These "books" or magazines consist of a collection of between 25 and 50 home plans which professional architects have prepared for actual building. Each of these "books" contains a mail order coupon through which the reader may purchase architectural plans of the homes illustrated in the "book". The defendant has published over 25 of these, the latest of which is the subject of this suit. These Home Plan books are distributed to newsstands all over the country, sell for between 50¢ and $1, and are left on sale for about six months, after which they are withdrawn.

The work in question is titled "A New Portfolio of Better Architect-Designed Homes" with the words "Better" and "Homes" in large red letters and the remainder of the title in lesser sized black letters. Immediately below the title the words "by William G. Chirgotis, Architect" are prominently displayed. It contains home plans and nothing more. The plaintiff's magazine, on the other hand, is much broader and contains various material on homes, gardens, interior decorating and various other miscellaneous material. The index of the September 1961 issue of Better Homes and Gardens is divided up into subdivisions which are titled, "Building and Decorating", "Handyman", "Foods and Equipment", "Gardening", "Features and Child Care", "Everyday Arts", "Ideas in Action" and "Every Month".

■ It is well settled that the granting or denying of a temporary injunction is within the sound discretion of the trial court. Deckert v. Independence Shares Corp., 1940, 311 U.S. 282, 290, 61 S.Ct. 229, 85 L.Ed. 189; Prendergast v. New York Telephone Co., 1923, 262 U.S. 43, 50, 43 S.Ct. 466, 67 L.Ed. 853. The party requesting the preliminary injunction bears the burden of establishing the right to such relief and that irreparable injury will probably result if it is not granted. Sims v. Greene (3 Cir. 1947), 161 F.2d 87, 89. Even so "The award of an interlocutory injunction by courts of equity has never been regarded as strictly a matter of right, even though irreparable injury may otherwise result to the plaintiff. * * * Even in suits in which only private interests are involved the award is a matter of sound judicial discretion, in the exercise of which the court balances the conveniences of the parties and possible injuries to them according as they may be affected by the granting or withholding of the injunction." Yakus v. United States, 1944, 321 U.S. 414, 440, 64 S.Ct. 660, 674, 88 L.Ed. 834.

■ Upon balancing the possible injuries to both sides, I do not feel that a preliminary injunction should issue. Plaintiff has not proven any actual damage or confusion. Moreover, I do not feel that it is likely that any confusion between the two publications will arise in the future. It should be further noted that in the instant case the granting of plaintiff's motion would, in effect, be a final judgment since defendant would then have to recall all the unsold issues of its publication. In doing this, the handling of the "books" or magazines would make them unfit for reissue in the event defendant should prevail. The facts before me do not justify such drastic action.

Plaintiff's motion for a preliminary injunction is denied.

It is so ordered.