In re PERMANENT SURFACE MINING REGULATION LITIGATION, (two cases).

Appeal of PEABODY COAL COMPANY, National Coal Association, and American Mining Congress.

Appeal of PENNSYLVANIA COAL MINING ASSOCIATION, Kerry Coal Company, Sunbeam Coal Company and West Freedom Mining Corporation.

Nos. 79–2073, 79–2116.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 9, 1980.

Decided Jan. 18, 1980.

Warner W. Gardner, Washington, D. C., with whom I. Michael Greenberger, John A. Macleod and Richard McMillan, Jr., Washington, D. C., were on the brief, for appellants.

Harvey M. Sheldon, Sp. Counsel, State of Illinois, Chicago, Ill., with whom Roger L. Chaffe, Asst. Atty. Gen., Commonwealth of Virginia, Richmond, Va., was on the brief, for amici curiae.

Michael A. McCord, Atty., Dept. of Justice, Washington, D. C., with whom James W. Moorman, Asst. Atty. Gen., and Carl Strass, Atty., Dept. of Justice, Washington, D. C., were on the brief, for appellee.

Stuart Philip Ross, Washington, D. C., also entered an appearance for appellants.

Before TAMM and MacKINNON, Circuit Judges, and HAROLD GREENE,* U. S. District Judge for the District of Columbia.

Opinion PER CURIAM.

PER CURIAM:

This case comes to us on appeal from an order entered by Judge Thomas A. Flannery of the United States District Court for the District of Columbia that denied the appellants' request for a preliminary injunction. Specifically, the appellants, several coal-mining firms, asked that the court block implementation of regulations promulgated by the Secretary of the Interior under the Surface Mining Control and Reclamation Act of 1977 (the Act), 30 U.S.C. §§ 1201–1328 (Supp. I 1977), insofar as they specify minimum requirements for information that state regulatory authorities must obtain in their regulation of the coal-mining industry. We affirm.

The Act provides a truly federalist distribution of regulatory authority for the coal-mining industry. After a transition period of direct regulation under the Secretary of the Interior, each state in which coal is mined has the option of submitting to the Secretary its own program for supervising mining and reclamation within its borders. Act § 503, 30 U.S.C. § 1253. The Secretary, after following certain procedures, must approve the program if he finds it adequate to protect environmental concerns that lay behind the adoption of the Act. Once its plan is approved, the state assumes responsibility for enforcing the Act. *Id.* If a state fails to submit a satisfactory program, or if it does not wish to assume jurisdiction over mining within its borders, the Secretary must devise a program for that state suited to its particular needs. *Id.* § 504(a), 30 U.S.C. § 1254(a). Whether regulation is in federal or state hands, a firm wishing to engage in surface mining must obtain a permit from the regulatory authority before it may begin or continue its operations. *Id.* § 506(a), 30 U.S.C. § 1256(a). The Act spells out in detail the minimum information that an applicant must submit to the regulatory authority to accompany its permit request. *See id.* § 507(b), 30 U.S.C. § 1257(b).

On March 13, 1979, the Secretary issued 150 pages of regulations that establish a permanent regulatory regime, including minimum standards that state programs must meet to obtain his approval. *See* 44 Fed.Reg. 14,902, 15,312–463 (1979) (to be codified at 30 C.F.R. §§ 700–890). States may deviate from these regulations and still receive the Secretary's approval only under certain conditions. *See id.* at 15,324 (to be codified at 30 C.F.R. § 731.13).

Various mining states and firms filed a total of nine actions challenging most aspects of the regulations. Proceedings were consolidated before Judge Flannery. Several industry plaintiffs also sought a preliminary injunction to halt implementation of the parts of the regulations that specify the minimum information states must require in permit applications. *See id.* at 15,353–70 (to be codified at 30 C.F.R. §§ 778–780, 782–784). These parties contend primarily that the Secretary lacks the authority to compel states to demand this information because, they believe, the Act gives the states latitude to establish for themselves what information they will require under their own permit programs, subject to the general provisions of section 507(b). These parties argue that compliance with these regulations, even pending resolution of this litigation, is excessively burdensome and will harm them irreparably.

This circuit's standard for granting preliminary injunctions is clear. It requires the district judge to evaluate four factors: the likelihood that the party requesting the injunction will prevail on the merits, the possibility that he will suffer irreparable injury without interim relief, the harm caused to others by granting the injunction, and the public interest. *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 182 U.S.App. D.C. 220, 559 F.2d 841 (D.C. Cir. 1977);

* Sitting by designation pursuant to 28 U.S.C. § 292(a) (1976).

*Virginia Petroleum Jobbers Association v. FPC*, 104 U.S.App.D.C. 106, 110, 259 F.2d 921, 925 (D.C. Cir. 1958). Whether to grant interim relief nevertheless remains within the discretion of the trial judge, and an appellate court will reverse his decision only for an abuse of that discretion. *Deckert v. Independence Shares Corp.*, 311 U.S. 282, 290, 61 S.Ct. 229, 85 L.Ed. 189 (1940) (citing *Prendergast v. New York Telephone Co.*, 262 U.S. 43, 50–51, 43 S.Ct. 466, 67 L.Ed. 853 (1923)); *Delaware & Hudson Railway v. United Transportation Union*, 146 U.S.App. D.C. 142, 158, 450 F.2d 603, 619 (D.C. Cir.), *cert. denied*, 403 U.S. 911, 91 S.Ct. 2209, 29 L.Ed.2d 689 (1971). In the case before us, Judge Flannery examined all the factors described in our prior decisions and concluded that a preliminary injunction would not be appropriate. We do not believe that in doing so he abused his discretion. Therefore, we affirm his order denying interim relief.

In reaching our decision, we intimate no view on the merits of the appellants' arguments. Nevertheless, because those arguments are substantial, because complying with the regulations, even temporarily, imposes a heavy burden on the appellants, and because the Act sets severe limitations on the time for promulgating regulations, we urge Judge Flannery to consider these issues carefully and to reach a decision expeditiously, as he indicated he would when he set the hearing on the merits for "mid-January 1980." *In re Permanent Surface Mining Regulation Litigation*, Civ. No. 79–1144, at 3 (D.D.C. Aug. 21, 1979) (memorandum opinion), *reprinted in* Joint Appendix at 1, 3.

*Affirmed.*