**Larry P. et al., Plaintiffs-Appellees,**
**v.**
**Wilson RILES et al., Defendants-Appellants.**
No. 72–2509.

United States Court of Appeals, Ninth Circuit.
Aug. 16, 1974.

**964**

———◆———

Daniel E. Collins, III (argued), Deputy City Atty., San Francisco, Cal., for defendants-appellants.

Michael S. Sorgen (argued), of San Francisco Neighborhood Legal Assistance Foundation, San Francisco, Cal., for plaintiffs-appellees.

Before KOELSCH and DUNIWAY, Circuit Judges, and ANDERSON,* District Judge.

## OPINION

PER CURIAM:

This is an appeal from an order granting, in part, a motion for a preliminary injunction. 28 U.S.C. § 1292(a) (1) gives us jurisdiction. The district judge's Order and Memorandum, which embodies his findings of fact and conclusions of law, are reported in P. v. Riles, N.D.Cal., 1972, 343 F.Supp. 1306. We affirm.

As will be seen from that report, the district judge granted only a part of the requested relief, and narrowly limited what he granted. 343 F.Supp. at 1314–1315.

"It is well settled that the granting of a temporary injunction, pending final hearing, is within the sound discretion of the trial court; and that, upon appeal, an order granting such an injunction will not be disturbed unless .contrary to some rule of equity, or the result of improvident exercise of judi-

cial discretion. Meccano, Ltd. v. John Wanamaker, 253 U.S. 136, 141 [40 S. Ct. 463, 64 L.Ed. 822]; Love v. Atchison Railway, supra [8 Cir., 185 F. 331] p. 331; and cases there cited. Especially will the granting of the temporary writ be upheld, when the balance of injury as between the parties favors its issue. Amarillo v. Southwestern Telephone Co. (C.C.A.), 253 F. 638, 640."

Prendergast v. N. Y. Tel. Co., 1923, 262 U.S. 43, 50–51, 43 S.Ct. 466, 469, 67 L.Ed. 853. Accord: Deckert v. Independence Shares Corp., 1940, 311 U.S. 282, 290, 61 S.Ct. 229, 85 L.Ed. 189. In Washington Capitols Basketball Club, Inc. v. Barry, 9 Cir., 1969, 419 F.2d 472, 475–476, we said: "On an appeal from such an order [granting a preliminary injunction] it is the responsibility of this court to decide only the question as to whether or not the granting of the order was an abuse of discretion. An abuse of discretion has been defined as a 'plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as they are found.' Bowles v. Quon, 154 F.2d 72, 73 (9th Cir. 1946)." *Id.* at 476.

In reviewing the district court's order, we also apply the principles stated by us in Sierra Club v. Hickel, 9 Cir., 1970, 433 F.2d 24, 33, aff'd, 1972, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636: "In order to obtain such relief [viz. a preliminary injunction], . . . the plaintiff must establish a strong likelihood or 'reasonable certainty' that he will prevail on the merits at a final hearing. [Citations]. . . .

In addition, before such a writ should issue, the applicant must show that it will suffer irreparable injury. The court must balance the damage to both parties. [Citation.]" See also Allison v. Froehlke, 5 Cir., 1972, 470 F.2d 1123, 1126. We also have in mind that, as we

---

* The Honorable J. Blaine Anderson, United States District Judge for the District of Idaho, sitting by designation.

said in Tanner Motor Livery, Ltd. v. Avis, Inc., 9 Cir. 1963, 316 F.2d 804 at 808, 809.

"It is so well settled as not to require citation of authority that the usual function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits. The hearing is not to be transformed into a trial of the merits of the action upon affidavits, and it is not usually proper to grant the moving party the full relief to which he might be entitled if successful at the conclusion of a trial. This is particularly true where the relief afforded, rather than preserving the status quo, completely changes it.

\* \* \* \* \* \*

We are not to be understood as stating that the foregoing principles are hard and fast rules to be rigidly applied to every case regardless of its peculiar facts. The infinite variety of situations in which a court of equity may be called upon for interlocutory injunctive relief requires that the court have considerable discretion in fashioning such relief."

Our review of the record convinces us that the district court's findings of fact are fully supported by the record thus far made. Those findings also convince us that the order appealed from was well within the district judge's discretion, and that it is in accord with the principles stated by us in Sierra Club v. Hickel, *supra*. Although the relief granted does to a limited extent change the status quo, the facts of the case, and the carefully limited relief granted, are justified by the "peculiar facts" of this case. Tanner Motor Livery, Ltd. v. Avis, Inc., *supra*, does not require reversal.

On the basis of the findings of fact, and substantially for the reasons stated by the district judge, the order appealed from should be affirmed. We express no opinion as to the ultimate merits of the case.

Affirmed.