In re Young Properties Corporation, a California Corporation, and its affiliates, Bankrupt.

**YOUNG PROPERTIES CORPORATION,** Debtor in Possession, Plaintiff-Appellee,

v.

**UNITED EQUITY CORPORATION, a** corporation, et al., Defendants-Appellants.

No. 73-2052-S-M.

United States District Court,
S. D. California.

May 5, 1975.

**1244**

Luce, Forward, Hamilton & Scripps by Edgar A. Luce, Jr., David J. Noonan, San Diego, Cal., for plaintiff-appellee.

Coggins, Fireison & Harman, P.A., William N. Coggins, John H. Harman, Silver Spring, Md., for defendants-appellants.

## MEMORANDUM OF DECISION AND ORDER

ENRIGHT, District Judge.

Appellants United Equity Corporation ("United") and Edward Granville-Smith appeal from an order of the bankruptcy court denying their motion to transfer an adversary proceeding commenced by Young Properties Corporation ("Young") from the District Court for the Southern District of California to the District Court for the District of Maryland. Although this court might have approached this motion differently if it had heard it in the first instance, the court would hold that the bankruptcy court's decision was not an abuse of discretion, and would affirm that decision.

Bankruptcy Rule 782, made applicable to Chapter XI cases by Rule 11–61, provides, in part:

Upon notice and hearing afforded the parties, any adversary proceeding may, in the interest of justice and for the convenience of the parties, be transferred by the court to any other district and shall thereafter continue as if originally filed in such district.

The parties have agreed, and an independent search of the case law indicates, that there are no published decisions dealing with Rule 782. In light of this absence of authority, the bankruptcy court looked for guidance to the Advisory Committee's Notes to the rule, and cases decided under two similar statutes, section 32c of the Bankruptcy Act, 11 U.S.C. § 55(c),[1] which permits the bankruptcy court to transfer entire bankruptcy proceedings, and 28 U.S.C. § 1404 (a),[2] which permits the transfer of any civil action "[f]or the convenience of parties and witnesses, in the interest of justice."

In the proceedings before the bankruptcy court, the parties set forth their grounds in support of and in opposition to the motion by affidavits. They indicate that United is a Delaware corporation with principal place of business in Maryland; all officers, books, and records of the corporation are located in Maryland or its environs, as are potential defense witnesses. The plaintiff is a California corporation which is a debtor in possession under Chapter XI of the Bankruptcy Act in proceedings in the Southern District of California; the corporation's principal place of business, officers, and records are located within this district. Young Properties does not do business on a regular basis or employ agents in Maryland; United has no such contacts with California. The adversary proceeding arises from a dispute

---

1. "The judge may transfer any case under this title to a court of bankruptcy in any other district, regardless of the location of the principal assets of the bankrupt, or his principal place of business, or his residence, if the interests of the parties will be best served by such transfer."

2. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

concerning a sale of property in the City of Industry, California.[3]

The Findings of Fact and Conclusions of Law of the bankruptcy court indicate two grounds for the denial of the motion to transfer. First, that the proper administration of the proceedings would not be served by a transfer, which would cause an undue burden on the efficient and economic administration of the estate and unduly prejudice existing creditors. Second, the transfer of the proceeding would not be for the convenience of all parties, in that it would be more inconvenient for the plaintiff to try this matter in Maryland than for the defendants to try it in California. This court would hold that this first ground was an improper reason for denial of the motion, but that the bankruptcy court's decision should be upheld based upon the second ground.

Rule 782 permits transfer "in the interest of justice and for the convenience of the parties." As the Advisory Committee's Notes indicate, this rule is a counterpart to recently enacted Bankruptcy Rule 704(f), which permits service of process in adversary proceedings anywhere within the United States.[4] The Committee observed that, as a result of the extension of the territorial limits of service of process, "it behooves courts of bankruptcy to accord a liberal construction to this Rule 782 in order to minimize hardship to parties served in a part of the country remote from the district where the court of bankruptcy is sitting." Bankruptcy Rule 782, Advisory Committee Notes. The Notes to Rule 704(f)(1) state that "a court should be particularly hospitable to a motion for transfer when the defendant resides or has his principal place of business at a substantial distance from the district where the case is pending."

█ In light of the policy behind the enactment of Rule 782, this court would hold that it was improper for the bankruptcy court to consider as a major factor its obligation "to insure the most economic and efficient administration of the estate possible so as to protect the existing creditors of the state." It is undisputed that the court does have such an obligation. However, the consideration of this duty in situations arising under Rule 782 would defeat the purpose for which that rule was adopted. In almost all adversary proceedings, it would be in the interest of the bankrupt to retain the proceeding in the district in which the bankrupt filed the suit. Rule 782 refers to the convenience of "the parties"; this language can be read only to refer to the convenience of *all* parties litigant. Any other interpretation would do injustice to the plain language of the rule, would disregard the Advisory Committee's comments, and would severely disadvantage defendants in such proceedings who, as the appellants in this case, would be compelled to litigate the suit far from their homes and places of business.

█ This situation is different than that which arises when the court considers transfer of the entire bankruptcy proceeding under § 55(c). Thus, Hawaiian Investors v. Thorndal, 339 F.2d 807 (8th Cir. 1965) and In re Triton Chemical Corp., 46 F.Supp. 326 (D.Dela. 1942), cited by the appellee, are inapplicable. Those cases set forth five factors to be considered in determining the forum for the bankruptcy proceeding:

---

3. Two other defendants, EFM Financial Corporation and Edward F. Meyers, did not appear at the hearing on this motion before either the bankruptcy court or this court. Although the appellants represent that these defendants do not object to a transfer of the proceedings, there is nothing in the record to support this assertion.

4. Prior to 1938, a bankruptcy court had no jurisdiction to issue process outside of its judicial district. United States v. Tacoma Oriental S. S. Co., 86 F.2d 363, 368 (9th Cir. 1936). With the enactment of the Federal Rules of Civil Procedure, service of process was permitted throughout the state in which the court sat. Rule 4(f), Fed.R. Civ.P.; Gathany v. Bishopp, 177 F.2d 567, 569 (4th Cir. 1949); Slocum v. Edwards, 168 F.2d 627, 631 (2d Cir. 1948).

(1) proximity of creditors of every kind to the court; (2) proximity of the bankrupts to the court; (3) proximity to the court of the witnesses necessary to the administration of the estate; (4) location of the assets; and (5) the economic administration of the estate.

In such a § 55(c) situation, both the bankrupt and the creditors have an interest in the efficient administration of the estate, because such administration will result in more funds being available for the payment of creditors. In an adversary proceeding, the interest of the defendant, however, is no different than that of defendants in any other civil litigation, that is, its interest is in the efficient resolution of the particular claim against it, regardless of the effect on the bankrupt's estate in general. This court reads Rule 782 as an attempt to provide protection for such defendants. Their interests should not be made subservient to those of the plaintiff, merely because that plaintiff is involved in bankruptcy proceedings.

Accordingly, the more appropriate analogy is 28 U.S.C. § 1404(a), which allows transfer of general civil actions. The factors to be considered under this statute are set forth in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947):

> Important considerations are the relative ease of access to sources of proof; availability of compulsory process for the attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. . . . Factors of public interest also have place in applying the doctrine.

Having held that the first ground for denial of the motion was improper, however, this court would hold, in light of the entire record before the court, that the ruling should stand based on the bankruptcy court's Conclusion of Law VI, which states that retaining jurisdiction in this district would be most convenient to all parties. The issue of whether an adversary proceeding should be transferred is committed to the sound discretion of the bankruptcy court, and its ruling should not be disturbed unless the reviewing court finds an abuse of that discretion. *Cf.* Houston Fearless Corp. v. Teter, 318 F.2d 822, 828 (10th Cir. 1963).[5] "An abuse of discretion has been defined as a 'plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as they are found.'" P. v. Riles, 502 F.2d 963, 964 (9th Cir. 1974) (citation omitted). A review of the record discloses no such abuse of discretion. Accordingly,

It is ordered that the order of the bankruptcy court dated February 6, 1975, should be, and it hereby is, affirmed.

5. The "clearly erroneous" standard of review, made applicable in adversary proceedings under Chapter XI by Bankruptcy Rules 752 (a) and 11–61, applies only to findings of fact by the bankruptcy court, and not to the exercise of that court's discretion.