**In re GOOD HOPE REFINERIES, INC., Debtor.**

**GOOD HOPE REFINERIES, INC., Plaintiff,**

v.

**COASTAL STATES TRADING, INC., Defendant.**

**Bankruptcy No. 75–2741–G.**

United States Bankruptcy Court, D. Massachusetts.

May 16, 1980.

Marc Redlich, Widett, Slater & Goldman, Boston, Mass., Paul Salvage, Bacon, Wilson, Cohen, Salvage, Ratner, Fialky & Fitzgerald, Springfield, Mass., for plaintiff.

Robert Gerrard, Bowker, Elmes, Perkins, Mecsas & Gerrard, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

PAUL W. GLENNON, Bankruptcy Judge.

The defendant, Coastal States Trading, Inc., has moved to transfer venue in this adversary proceeding pursuant to Rule 782 of the Rules of Bankruptcy Procedure from the District of Massachusetts to the Bankruptcy Court for the Southern District of Texas sitting in Houston.

The parties entered into a stipulation on May 5, 1980, which sets out that virtually all of the parties related to this matter as well as all related documents are situated in and around Houston. The defendant contends that the interest of justice and the convenience of parties in this proceeding dictate that this case be transferred to Houston. The plaintiff argues that a transfer to Texas will only further delay the proceeding, thereby prejudicing the efficient and economic administration of the estate. They further contend that the interest of justice would be to deny said motion in order to avoid bias or the appearance of partiality because Houston counsel for Coastal States is a former Bankruptcy Judge of the Southern District of Texas.

Rule 782 of the Rules of Bankruptcy Procedure has been interpreted in *Young Properties Corp. v. United Equity Corp.*, 394 F.Supp. 1243 (S.D.Col.1975) appeal dismissed 534 F.2d 847 (9th Cir. 1976) cert. denied 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed.2d 94 (1976). That case emphasized that the language of the rule relating to the convenience of parties must be read to refer to the convenience of all parties. *Young, supra*, 394 F.Supp. at 1245. The case, however, analogized Rule 782 to 28 U.S.C. 1404(a), which is the transfer of venue statute for the District Courts. The Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 at 508, 67 S.Ct. 839 at 843, 91 L.Ed. 1055 (1947) interpreted 28 U.S.C. 1404(a) and stated:

An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. (footnotes omitted)

The Advisory Committee's Notes to Rule 782 call for the court to afford a liberal construction to the Rule in order to minimize hardship to parties served in a part of the country remote from the district where the Court of Bankruptcy is sitting. Additionally, *Young Properties, supra*, 394 F.Supp. at 1245, in granting a motion to transfer, held:

Any other interpretation would do injustice to the plain language of the rule,

would disregard the Advisory Committee's comments and would severely disadvantage defendants in such proceedings who, as the appellants in this case, would be compelled to litigate the suit far from their homes and places of business.

The defendants have presented affidavits dictating those witnesses who may be called and, along with the agreed stipulation of facts which states the proximity of this proceeding to Houston, have placed the balance of the evidence strongly in the favor of a transfer. The plaintiffs allegations are not substantial enough to overcome the weight of the evidence.

It is the opinion of this Court that the interest of justice and the convenience of all parties dictates that the motion to transfer the adversary proceeding to the Southern District of Texas sitting in Houston be ALLOWED.