In re **COLEMAN AMERICAN COMPANIES, INC. and American Properties, Inc., a Subsidiary of Coleman American Companies, Inc., Debtors.**

**The LITTLETON NATIONAL BANK, Plaintiff,**

v.

**COLEMAN AMERICAN COMPANIES, INC. and American Properties, Inc., a Subsidiary of Coleman American Companies, Inc., Defendants.**

**No. 80 C 1466.**

United States Bankruptcy Court, D. Colorado.

Nov. 12, 1980.

See also Bkrtcy., 6 B.R. 918.

John J. Gaudio, Denver, Colo., for plaintiff.

Claude L. Rice and Eileen Hiney, Kansas City, Mo., for debtors.

## FINDINGS, CONCLUSIONS, AND ORDERS ON MOTION TO CHANGE VENUE

PATRICIA ANN CLARK, Bankruptcy Judge.

The matter before the Court is the motion of the Debtor–Defendants, Coleman American Companies, Inc., and American Properties, Inc., for change of venue of the complaint for relief from stay of the plaintiff, The Littleton National Bank. The Debtors contend that the proceeding should be transferred to the Bankruptcy Court for the District of Kansas in the interest of justice and for the convenience of the parties. The plaintiff objects to a change of venue. A hearing was held on the motion on October 30, 1980, at which John J. Gaudio represented the plaintiff and Claude L.

Rice and Eileen Hiney represented the Debtors.

The facts are as follows. On July 16, 1980, the plaintiff served a summons and a copy of its Complaint for Relief from Stay on the Debtors. The Debtors filed a Motion to Dismiss the complaint for lack of jurisdiction on July 25, 1980. On September 26, 1980, the Court entered an order denying the Debtors' Motion to Dismiss, 6 B.R. 251. On October 9, 1980, a hearing on the plaintiff's complaint was set by the Court for October 30, 1980. On October 27, 1980, three days before the scheduled hearing on the complaint, the Debtors filed their Motion to Change Venue.

First, the Debtors argue that justice requires transfer to the Kansas Bankruptcy Court because the Debtors' reorganization would be impossible if they were forced to defend many lawsuits of this type in various districts. Second, the Debtors argue that the potential great expense to them in defending lawsuits which might be filed means that Kansas is the more convenient venue. The plaintiff contends that venue should not be transferred to Kansas because a substantial portion of the property involved in this proceeding is located in Colorado and because both parties currently conduct business here.

■ Whether venue of an adversary proceeding is laid in the proper or wrong district, it may be transferred to another district under 28 U.S.C. § 1475 (28 U.S.C. §§ 1475 and 1477). Section 1475 provides:

§ 1475. *Change of venue.* A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties.

The legislative history to that section states:

This section provides a liberal change of venue rule. It permits a bankruptcy court to transfer any case or proceeding to a bankruptcy court to another district, in the interest of justice and for the convenience of the parties. This section

is derived from Bankruptcy Rules 116 and 782. H.Rep. No. 595, 95th Cong., 1st Sess. 447 (1977), U.S.Code Cong. & Admin.News, 1978, pp. 5787, 6403.

Rule 782 of the Rules of Bankruptcy Procedure governed motions for change of venue in adversary proceedings. Because Rule 782 is very similar to 28 U.S.C. § 1404(a), the cases decided under that section are pertinent. 1 *Collier on Bankruptcy*, 15th ed., ¶ 3.02[4][b]. Under Section 1404(a):

> The burden of establishing that the suit should be transferred is on the moving party and unless the balance is strongly in favor of a defendant, the plaintiff's choice of form should rarely be disturbed. (footnotes omitted) *Houston Fearless Corporation v. Teter*, 318 F.2d 822, 827–8 (10th Cir. 1963).

Because the burden of proof is on the Debtors, their arguments supporting their motion will be examined.

■ Concerning the interest of justice, the Debtors argue that because they might be forced to defend many proceedings similar to this one in various districts, their reorganization under Chapter 11 (11 U.S.C. § 1101 *et seq.*) may be impossible. Conceivably, this argument could be persuasive. However, the Debtors have not by affidavit, argument, testimony or otherwise established or even contended that multiple proceedings have actually been instituted against them or are likely to be. The Debtors have only suggested that multiple lawsuits might arise. Absent a showing that the Debtors are or likely will be defending many lawsuits, any speculation that they might be is meaningless. There has been no showing that this proceeding should be transferred to the District of Kansas in the interest of justice.

■ Similarly, in relation to their arguments concerning convenience of the parties, the Debtors do not claim and have not demonstrated that claims similar to the bank's have actually been or are likely to be instituted in different districts. Nevertheless, the Debtors rely on *Matter of Diamond Reo Trucks, Inc.*, 10 CBC 329 (B.Ct.W.D. Mich.1976) (*Diamond Reo*). In that case,

the Court noted at page 338 that the trustee had filed an affidavit stating:

> [T]hat he has hundreds of similar claims against dealers to whom the debtor in possession, receiver or trustee has sold trucks and parts. He further states that all these claims have similar questions of law in fact and that it would be severe economic burden to retain counsel in other courts across the United States to try these cases.

The trustee's definite statement in *Diamond Reo, supra*, that he actually had hundreds of claims to litigate is very different from the mere speculative possibility of multiple defenses hypothesized by these Debtors. Further, the court's reasoning in *Diamond Reo, supra*, is not necessarily controlling. The decision in that case is limited to instances where "[T]he merits of transfer vs nontransfer appear almost equal ... (*Diamond Reo, supra*, at p. 338)." The Debtors have not established that situation here.

In addition, in *Young Properties Corp. v. United Equity Corp.*, 394 F.Supp. 1243 (S.D. Cal.1975) (*Young*) the District Court rejected the bankruptcy court's consideration as a major factor under Rule 782 its obligation " 'to insure the most economic and efficient administration of the estate possible so as to protect the existing creditors of the state (*sic*)' (*Young, supra*, at p. 1245)." The Court noted at page 1245 that:

> In almost all adversary proceedings, it would be in the interest of the bankrupt to retain the proceeding in the district in which the bankrupt filed the suit. Rule 782 refers to the convenience of "the parties"; this language can be read only to refer to the convenience of *all* parties litigant.

The court concluded that the interests of non–bankrupt defendants to adversary proceedings "[S]hould not be made subservient to those of the plaintiff, merely because that plaintiff is involved in bankruptcy proceedings (*Young, supra*, at p. 1246)." The convenience of the parties does not require the transfer of this proceeding to Kansas.

**918**

■ Finally, under Section 1404(a) (28 U.S.C. § 1404(a)):

Although significant delays have been permitted, the moving parties should act with reasonable promptness, and delay may induce the court to refuse a transfer that otherwise would have been granted (footnotes omitted). Wright, Miller & Cooper, Federal Practice and Procedure: *Jurisdiction* § 3844.

The Debtors filed their Motion to Change Venue three days before the trial on the complaint and more than one month after their Motion to Dismiss the complaint had been denied. Section 362(e) of the Bankruptcy Code (11 U.S.C. § 362(e)) contemplates a ruling on a complaint for relief from stay within 30 days. The bank served its complaint for relief from stay on the Debtors on July 16, 1980. A hearing was not held within 30 days because of the Debtors' motion to dismiss. However, any further unnecessary delay would have unjustly impaired the bank's rights. The Debtors' filing of a Motion for Reconsideration is not relevant to the timeliness of the Motion to Change Venue. The reconsideration motion was not timely filed and did not result in a postponement of the trial on the complaint since there was no motion for a stay pending appeal pursuant to Rule 805. For the foregoing reasons, the Motion to Change Venue should be denied.

ORDERED that the Motion to Change Venue of Coleman American Companies, Inc., and American Properties, Inc., is denied.