In re **PRESAGE CORPORATION,**
Debtor.

**DEAN, BAHR, MIKO & DEAN, P.
C.,** Appellant,

v.

**Leonard M. SALTER, Trustee for
Presage Corporation,** Appellee.

**Bankruptcy No. 81–9036.**

United States Bankruptcy Appellate Panel
for the First Circuit.

April 2, 1982.

---

David S. Fox, Boston, Mass., for appellant.

Leonard M. Salter, Wasserman & Salter, Boston, Mass., for appellee.

Before VOTOLATO, Chief Judge, and JOHNSON and GOODMAN, Bankruptcy Judges.

VOTOLATO, Chief Judge.

The Defendant appeals from orders of the bankruptcy court denying its motions: (1) to abstain, (2) to transfer and (3) to dismiss for improper venue.

The issues before this Panel are: (1) whether a bankruptcy judge's order transferring a proceeding pursuant to 28 U.S.C. § 1475 constitutes abstention; and (2) whether the bankruptcy judge abused his discretion by reversing his previous order transferring an adversary proceeding.

The relevant facts are as follows: On May 5, 1980, Presage Corporation filed a Chapter 11 petition for reorganization in the United States Bankruptcy Court for the District of Massachusetts, and on November 26, 1980, the case was converted to Chapter 7. The Trustee for Presage commenced an adversary proceeding against the Appellant, a law firm, alleging that on August 24, 1980, the firm made certain disbursements in violation of an escrow agreement concerning the Debtor. At a hearing on the Appellant's motion to transfer the adversary proceeding to Michigan, affidavits were submitted indicating that the disbursements in question had been turned over to the Trustee in Bankruptcy for Electronics Retailing Corporation.[1] The record also indicates that the Michigan Bankruptcy Trustee paid the funds to a creditor of Electronics Retailing Corporation in satisfaction of a prepetition claim. Based on these facts and affidavits, the Massachusetts Judge ordered the adversary proceeding transferred to the Michigan Bankruptcy Court pursuant to 28 U.S.C. § 1475.[2]

For reasons unclear to the Panel, the Michigan Court subsequently transferred the proceeding back to Massachusetts. The Massachusetts Judge thereupon denied the Appellant's following motions: (1) to dismiss for lack of proper venue, (2) to retransfer to Michigan and (3) to abstain. He also ordered the case to proceed to trial in Massachusetts. The Appellant's motion for leave to appeal the interlocutory orders denying these motions was granted on October 19, 1981. See 1 Collier on Bankruptcy ¶ 3.02[4][g], (15th ed. 1979).

The Appellant contends that the Bankruptcy Court's original order transferring the proceeding to Michigan constitutes an abstention, and that both the Michigan and the Massachusetts Courts are therefore prevented from reconsidering or changing that order. It is argued that decisions to abstain from hearing a proceeding, 28 U.S.C. § 1471(d),[3] and orders to transfer, 28 U.S.C.

---

1. Electronics Retailing Corporation has apparently filed a petition for relief in the Bankruptcy Court for the Eastern District of Michigan. Electronics' relationship to Presage is unclear, and any reference to it is merely for identification purposes.

2. § 1475. *Change of venue.* A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties.

3. § 1471. Jurisdiction.

. . . .

(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy

§ 1475, are based upon the same considerations, e.g., "interest of justice and for the convenience of the parties." Therefore, Appellant argues, the exercise of judicial discretion to transfer under § 1475 should also be construed as an abstention from hearing the proceeding. Thus, according to Appellant's reasoning, a decision to transfer is "not reviewable by appeal or otherwise."

We reject this argument. Section 1475 is clear and unambiguous, and requires no judicial interpretation. "There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes. In such cases we have followed their plain meaning." *United States v. American Trucking Ass'n., Inc.*, 310 U.S. 534, 543, 60 S.Ct. 1059, 1063, 84 L.Ed. 1345 (1940); *see also In re LaFlamme*, 14 B.R. 21, 7 BCD 1416 (Bkrtcy.App. 1st Cir. 1981).

■ Although a decision to transfer may require an analysis of considerations similar to those involving a decision to abstain, nothing in the statute (§ 1475) or the legislative history suggests that a decision to transfer venue should be excluded from review. *See* 1 Collier on Bankruptcy, ¶ 3.02[4][g], (15th ed. 1979).

■ As for the Bankruptcy Judge's decision to retain this proceeding, we conclude based on the record before us that that action is fully supported by the record and the applicable law. The Judge did not abuse his discretion. *See Young Properties Corp. v. United Equity Corp.*, 394 F.Supp. 1243 (S.D.Cal.1975) appeal dismissed 534 F.2d 847 (9th Cir. 1976) cert. denied 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed.2d 94 (1976); 1 Collier on Bankruptcy, ¶ 3.02[4] (15th ed. 1979).

Affirmed.

court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.