In re Barbara J. BEAULIEU, Plaintiff,

v.

AMATEX CORPORATION, W.L. Blake & Co., Eagle-Picher Industries, Eastern Refractories Co., Inc., Gaf Corporation, Johns-Manville Sales Corporation, Keene Building Products Corporation, Nicolet, Inc., Owens-Corning Fiberglas Corporation, Pittsburgh-Corning Corp., Raybestos-Manhattan, Inc., J.P. Stevens & Co., Inc., Unarco Industries, Inc., Defendants.

In re Barbara J. BEAULIEU, Plaintiff,

v.

The ANCHOR PACKING COMPANY, Celotex Corp., Carolyn Dunning, John G. Dunning, Jr. and Tyler Dunning d/b/a R.R. Dunning & Co., Crane Packing Co., Northeast Mechanical Packing Corp., Tri-State Packing Supply, Jim Walter Corp., Defendants.

Civ. A. No. 80–612.

Adv. No. 282–0268.

Civ. No. 80–866.

United States Bankruptcy Court,
D. Maine.

Feb. 28, 1983.

On Motion to Transfer March 11, 1983.

On Motion to Remand March 11, 1983.

Thomas P. Wilson, Wilson, Steinfeld & Murrel, Portland, Me., for Anchor Packing Co.

James M. Bowie, Hunt, Thompson & Bowie, Portland, Me., for Celotex Corp.

Robert F. Hanson, Norman & Hanson, Portland, Me., for Caroline Dunning et al.

Susan R. Kominsky, Vafiades, Brountas & Kominsky, Bangor, Me., for W.L. Blake & Co.

John Linnell, Linnell, Choate & Webber, Auburn, Me., for Eagle Picher Industries.

Thomas Schulten, Thomas B. Wheatley, Perkins, Thompson, Hinckley & Keddy, Portland, Me., for Eastern Refractories Co., Inc.

David P. Cluchey, Portland, Me., for Northeast Mechanical Packing Co.

Roger J. O'Donnell, III, Platz & Thompson, P.A., Lewiston, Me., for Tri-State Packing & Supply.

Robert E. Hirshon, Drummond, Woodsum, Plimpton & MacMahon, Portland, Me., for Amatex Corp.

Jotham D. Pierce, Jr., Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for G.A.F. Corp.

Phillip D. Buckley, William Wilson, Rudman & Winchell, Bangor, Me., for Johns-Manville Sales Corp.

Thomas F. Monaghan, Monaghan & Leahy, Portland, Me., for Keene Bldg. Products.

Jonathan S. Piper, Preti, Flaherty & Beliveau, Portland, Me., for Nicolet Inc.

Nicholas S. Nadzo, John S. Montgomery, Jensen, Baird, Gardner & Henry, Portland, Me., for Owens-Corning Fiberglas Corp.

Charles L. Cragin, Verrill & Dana, Portland, Me., for Pittsburg Corning Corp.

Thomas Cox, Petruccelli, Cohen, Erler & Cox, Portland, Me., for John Crane-Houdaille, Inc.

Peter Greenleaf, Portland, Me., Asst. U.S. Trustee.

Neil T. Leifer and Thomas Tureen, Portland, Me., for Barbara J. Beaulieu.

Thomas R. McNaboe, Thompson, Willard & McNaboe, Portland, Me., for Raybestos-Manhattan, Inc.

Randall E. Smith, Smith & Elliott, P.A., Saco, Me., for J.P. Stevens & Co.

## FINDINGS AND CONCLUSIONS PURSUANT TO D. ME. RULE 41(d)(3)(B)

FREDERICK A. JOHNSON, Bankruptcy Judge.

This proceeding involves two consolidated asbestos civil actions, which were removed to this court from state court by a codefendant.

By complaint dated May 15, 1980, the plaintiff commenced an action in the Cumberland County Superior Court against Johns-Manville Sales Corporation and eleven other defendants. *Beaulieu v. Amatex Corp.*, Civ. No. 80–612 (Cumb.Cty.Super. Ct.). By complaint dated July 23, 1980, the plaintiff commenced another action against Crane Packing Company and six other defendants. *Beaulieu v. Anchor Packing Co.*, Civ. No. 80–866 (Cumb.Cty.Super.Ct.). The actions were consolidated by order of the Superior Court dated November 19, 1981.

The consolidated superior court actions are based upon the illness and ultimate death of Stephen A. Beaulieu, Jr., the plaintiff's husband. The plaintiff alleges that her husband's death was caused by his inhalation and/or ingestion of asbestos dust and fibres from products manufactured, fabricated, distributed, or supplied by the defendants, while he was employed at S.D. Warren Paper Company in Westbrook, Maine.

On July 29, 1982, Unarco Industries, Inc., one of the defendants in the consolidated actions, filed for relief under chapter 11 of the Bankruptcy Code in the northern district of Illinois. On August 26, 1982, Johns-Manville Sales Corporation, another defendant, filed for chapter 11 relief in the southern district of New York. On September 10, 1982, the Superior Court ordered a temporary stay of the consolidated actions.

On September 27, 1982, John Crane-Houdaille, Inc., also known as Crane Packing Company, a codefendant in one of the consolidated superior court actions, removed the actions to this court pursuant to 28 U.S.C.A. § 1478(a) (Supp.1982). On the same date, Crane moved, pursuant to 28 U.S.C.A. § 1475 (Supp.1982), to transfer the proceeding to the Bankruptcy Court for the Southern District of New York. On October 27, 1982, the plaintiff, acting pursuant to 28 U.S.C.A. § 1478(b) (Supp.1982), moved to remand the cases to the Cumberland County Superior Court.

After notice, hearings were held on both motions before this court. Meanwhile, a third codefendant, Amatex Corporation, also filed for chapter 11 relief in the Bankruptcy Court for the Eastern District of Pennsylvania.

The filing of chapter 11 petitions by Johns-Manville, Unarco, and Amatex created extremely difficult problems for the co-defendants in this proceeding and in thousands of similar proceedings pending in various jurisdictions throughout the United States. The magnitude of the problem was clearly expressed by an officer of Johns-Manville:

> Johns-Manville Corporation and various [affiliates] were, as of June 30, 1982, defendants or co-defendants in approximately 11,000 asbestos health law suits brought by approximately 15,550 individual plaintiffs in numerous jurisdictions throughout the United States in which the plaintiffs alleged damage to their health particularly due to their exposure to asbestos fibre . . . .[1]

Crane argues that transfer of the proceeding to the Bankruptcy Court for the Southern District of New York is the only procedure that is fair to all parties.[2] It argues that if the proceeding is remanded to state court and Johns-Manville is severed from the proceeding, it may be forced to pay the entire amount of any judgment recovered by the plaintiff and will then have to file its claim for contribution or indemnity in the New York bankruptcy court. It argues that this is unfair and will waste time, money, and human resources. The plaintiff, on the other hand, urges that the proceeding be remanded to state court so that she may be afforded her day in court.

The court concludes that the proceeding must be remanded to the Cumberland County Superior Court.

The issue is whether this proceeding should be remanded to state court "on any equitable ground," as provided for by section 1478(b),[3] or whether it should be transferred to the Bankruptcy Court for the Southern District of New York "in the interest of justice and for the convenience of the parties" as provided for by section 1475.[4]

### THE MOTION TO TRANSFER

Because section 1475 contains a more familiar test, we will deal with it first. This section of title 28 is derived from Bankruptcy Rules 116 and 782.[5] H.R.Rep. No. 595, 95th Cong., 1st Sess. 447, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6403. The relevant language of section 1475 is nearly identical to Rule 782.[6] Cases interpreting that rule and 28 U.S.C.A. § 1404(a) (1976)[7] are useful in interpreting the section. *Young Properties Corp. v. United Equity Corp. (In re Young Properties Corp.)*, 394 F.Supp. 1243 (S.D.Cal.1975); 1 *Collier on Bankruptcy* ¶ 3.02[e] (L. King 15th ed. 1982).

It is not possible to catalogue the circumstances which will justify or require either the grant or denial of transfer. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The cases decided under Rule 782 and section 1404(a), how-

1. Affidavit under Local Rule XI–2, *In re Johns-Manville Corp.*, No. 82–B. 11656 (Bankr.S.D. N.Y. filed Aug. 26, 1982).

2. Crane's arguments focus almost entirely on Johns-Manville's chapter 11 case, which is pending in the southern district of New York.

3. Section 1478(b) provides:
   The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.

4. Section 1475 provides:
   A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court

for another district, in the interest of justice and for the convenience of the parties.

5. Rule 116 deals with the whole bankruptcy case, while Rule 782 deals with proceedings within the case, such as the proceeding we are concerned with here.

6. Rule 782 provides:
   Upon notice and hearing afforded the parties, any adversary proceeding may, in the interest of justice and for the convenience of the parties, be transferred by the court to any other district and shall thereafter continue as if originally filed in such district.

7. Section 1404(a) provides:
   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

ever, suggest many factors to be considered: (1) plaintiff's choice of forum; (2) relative ease of access to proof; (3) availability of compulsory process for attendance of unwilling witnesses; (4) cost of obtaining attendance of willing witnesses; (5) practical matters which may tend to expedite the proceeding with maximum ease and minimum expense; (6) responsibilities and difficulties of court administration; (7) desirability of a determination of local law by local courts; (8) residence of potential witnesses; (9) location of documents and records; (10) place where challenged conduct occurred; (11) related actions; (12) relative condition of court calendars; (13) possibility of a view of the premises if appropriate; and (14) factors of public interest. *Azriel v. Frigitemp Corp.,* 397 F.Supp. 871 (E.D.Pa. 1975); *Blender v. Sibley,* 396 F.Supp. 300 (E.D.Pa.1975); *Young Properties Corp. v. United Equity Corp. (In re Young Properties Corp.),* 394 F.Supp. 1243 (S.D.Calif. 1975); *Commercial Solvents Corp. v. Liberty Mutual Insurance Co.,* 371 F.Supp. 247 (S.D.N.Y.1974); *Cole Associates, Inc. v. Howes Jewelers, Inc. (In re Cole Associates, Inc.),* 7 B.R. 154, 2 C.B.C.2d 582 (Bkrtcy.D. Utah 1980); *North Star Packers, Inc. v. Altendorf (In re North Star Packers, Inc.),* 3 B.C.D. 457 (Bankr.D.Me.1977); *see also Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) (decided before enactment of section 1404(a) under principle of *forum non conveniens* ); 1 *Collier on Bankruptcy* ¶ 3.02[b] (L. King 15th ed. 1982); 1 J. Moore, *Moore's Federal Practice* ¶ 10.145[5] (2d ed. 1982). Several of the above factors, of course, are not of critical importance to this proceeding. We will discuss those factors that are important.

▋ The plaintiff's choice of forum is an important factor. The United States Supreme Court has stated that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp.,* 330 U.S. at 508, 67 S.Ct. at 843.

The relative ease of access to proof is another factor which weighs in the plaintiff's favor here. The plaintiff's deceased husband was born, worked, lived his life, became ill, and died in the local area. His medical records, employment records, and other vital records are here, together with most of the witnesses who may be needed to verify and interpret them.

The expense of obtaining attendance of plaintiff's witnesses and the inconvenience to them will obviously be less if the proceeding is tried in the local area. The plaintiff's witnesses reside in Maine. Most of Crane's witnesses are company officials and experts [8] and there is no demonstrable evidence that it would be less convenient or more costly to have them attend trial in Maine rather than in New York.

Of critical importance is the fact that the alleged wrongful conduct occurred while Mr. Beaulieu was employed with S.D. Warren Paper Company in Westbrook, Maine. Finally, the plaintiff's cause of action is based upon Maine statutes and should be tried in a Maine court. In fact, nearly all of the factors which have been considered by courts in considering transfer motions favor denial of Crane's motion to transfer.

The court is not unmindful of the dilemma faced by Crane and the other codefendants in this proceeding. Most of Crane's arguments focus upon the hardship and injustice imposed upon it and the other nondebtor codefendants by Johns-Manville's filing for relief in bankruptcy court. It falls short, however, of demonstrating how transfer of the case to the Bankruptcy Court for the Southern District of New York will solve the dilemma, or to phrase it in the words of section 1475, of demonstrating that such transfer is in "the interest of justice and for the convenience of the parties." While it may be true that the Bankruptcy Court for the Southern District of New York is the "only court with unquestionable jurisdiction over all the parties," as Crane asserts,[9] it does not necessarily follow

---

**8.** This was conceded by Crane at oral argument.

**9.** It should be observed that two of Crane's codefendants, Unarco and Amatex, have filed

chapter 11 petitions in the northern district of Illinois and the eastern district of Pennsylvania, respectively.

that transfer of this proceeding (and perhaps thousands like it) will assist Judge Lifland [10] in devising a remedy to accomodate all of the competing interests, as Crane suggests, and certainly not in time to prevent an injustice to this and other plaintiffs who are entitled to their day in court. Judge Lifland, in a recent decision, refused to broaden the automatic stay of 11 U.S.C.A. § 362(a) (1979) to include nondebtor codefendants, such as Crane, in pending asbestos litigation throughout the country. *GAF Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.),* 26 B.R. 405, 9 B.C.D. 1403 (Bkrtcy.S.D.N.Y.1983). In that proceeding, Judge Lifland rejected many of the arguments made by Crane here, as does this court.

The interest of justice requires that this plaintiff have her day in court; the proceeding has been pending for nearly three years; much discovery has been completed under the aegis of the Superior Court; and many of the plaintiff's witnesses are coworkers of her deceased husband who may become unavailable to testify. While the court recognizes the hardships Crane faces, upon balance, the expense, inconvenience, and delay which would inevitably occur if the proceeding were transferred would impose a far greater hardship on this plaintiff.

The motion to transfer must be denied.

### THE MOTION TO REMAND

■ For the reasons stated above, and for the further reason that the Cumberland County Superior Court is better able to respond to this proceeding, which involves three state statutes, 1 *Collier on Bankruptcy* ¶ 3.01[f][iii] (L. King 15th ed. 1982), the proceeding should be remanded to that court.

Crane argues that this court should transfer the proceeding to the Bankruptcy Court for the Southern District of New York and that Judge Lifland should rule on the plaintiff's motion to remand. It is sufficient to point out that section 1478(b) requires that

this court, "to which such claim or cause of action is removed," act on plaintiff's motion.

This court makes no finding on the issue of whether Johns-Manville, Unarco, or Amatex are indispensible parties within the meaning and intent of Rule 19(b) of the Maine Rules of Civil Procedure, Bankruptcy Rule 719(c), or Rule 19(b) of the Federal Rules of Civil Procedure. That is an issue for the state court after remand.

This proceeding is a related proceeding as defined by Local Rule 41(d)(3).[11] These findings and conclusions, together with a proposed order, will be submitted to the United States District Judge pursuant to subsection (d)(3)(B) of the Rule for his review as required by subsection (e)(2).

### ON MOTION TO TRANSFER

GIGNOUX, Chief Judge.

The motion of John Crane, Houdaille, Inc. (a/k/a Crane Packing Company) to transfer this proceeding to the Bankruptcy Court for the Southern District of New York was heard, after notice by Frederick A. Johnson, Bankruptcy Judge, and a decision having been rendered,

It is ORDERED that the motion to transfer is DENIED.

### ON MOTION TO REMAND

The plaintiff's motion to remand this proceeding to the Cumberland County Superior Court was heard, after notice, by Frederick A. Johnson, Bankruptcy Judge, and a decision having been duly rendered,

It is ORDERED that the plaintiff's motion is GRANTED and that the proceeding be remanded to the Cumberland County Superior Court from which it was removed.

It is further ORDERED that the clerk of this court mail a certified copy of this order of remand, by certified mail, to the clerk of the Cumberland County Superior Court and that court may thereupon proceed with the proceeding. Local Bankruptcy Rule 7005(j).

---

**10.** Burton R. Lifland is the bankruptcy judge who is handling the Johns-Manville chapter 11 case in the southern district of New York.

**11.** The emergency rule, adopted pursuant to a resolution of the Judicial Conference, to "permit the bankruptcy system to continue without disruption...," effective December 25, 1982.