**In re WINDSOR COMMUNICATIONS GROUP, INC. t/a Norcross-Rust Craft Greeting Card Publishers, Debtor.**

**WINDSOR COMMUNICATIONS GROUP, INC. t/a Norcross-Rust Craft Greeting Card Publishers, Plaintiff,**

**v.**

**FIVE TOWNS STATIONERY, INC., Defendant.**

**Bankruptcy No. 82-03714K.**
**Adv. No. 84-0995K.**

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 18, 1985.

7. *See generally* Norton, Bankruptcy Law and Practice § 27.53 (rel. 11-82).

Howard Holmes, Philadelphia, Pa., for debtor.

Howard J. Stern, New York City, for defendant.

MEMORANDUM OPINION AND ORDER

WILLIAM A. KING, Jr., Bankruptcy Judge.

The defendant in this action has filed a motion to dismiss or, in the alternative, for change of venue to the United States Bankruptcy Court for the Eastern District of New York. For the reasons stated herein, the motion will be denied.

This adversary proceeding was filed by the debtor, Windsor Communications Group, Inc., t/a Norcross-Rust Craft Greeting Card Publishers, on August 24, 1984.[1] Windsor is a debtor in a case under Chapter 11 of the Bankruptcy Code, which has been pending in this Court since August 25, 1982. The complaint filed by Windsor against the defendant seeks a money judgment in the sum of $1,298.55 plus interest, or in the alternative, turnover of property to the estate. The instant motion to dismiss or for change of venue was filed by the defendant on October 18, 1984.

In support of its motion, the defendant asserts the following:

1. that defendant is a corporation based in New York which does no business outside the Eastern District of New York;
2. that the alleged contract was entered into in the Eastern District of New York for the lease or purchase of store fixtures to be delivered to defendant's store in the Eastern District of New York; and
3. that if the Court determines that jurisdiction exists over the defendant, the Court should consider the greater burden that would be imposed on the defendant and its witnesses in traveling to Pennsylvania than the burden that would be imposed on the plaintiff since the plaintiff does business nationally.

Upon consideration of the arguments raised, we will deny the motion.

The jurisdiction of a bankruptcy court prior to 1978 was *in rem* and turned, absent consent of an adverse party, upon "possession of property." With the passage of the Bankruptcy Reform Act of

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Bankruptcy Rules.

1978, Pub.L. No. 95-598, ("Code") Congress expanded that jurisdiction to include all civil proceedings arising under title 11 or related to a title 11 case. 28 U.S.C. § 1471. *See Beasley v. Kelco Foods, Inc.* (In re Trim-Lean Meat Products, Inc.), 11 B.R. 1010, 1011 (D.Del.1981). This broad grant of power authorized a bankruptcy court to entertain suits seeking personal judgments as well as *in rem* judgments.

The desirability of centering all litigation involving a debtor in the bankruptcy court where the bankruptcy case is pending led to the enactment of the Code. As the Report of the Commission on the Bankruptcy Laws of the United States observed:

> Another objection to the (current) division of jurisdiction (between the bankruptcy court and non-bankruptcy courts) is the extra expense entailed by the estate in litigating outside the bankruptcy court. The expense differential is likely to be most pronounced when it is necessary for the trustee to sue the adversary party in a distant court. The greater convenience of the forum of the bankruptcy court to the trustee may, of course, be a decided disadvantage to his adversary; and no fair system of judicial administration can consider only the convenience and expenses of one party to a dispute in litigation. Nonetheless, it is common knowledge that trustees have often foregone litigation to recover assets of estates because of the potential expense and other difficulties of litigating in distant courts, having limited resources with which to wage such litigation. What is needed is a system which diminishes the handicaps imposed on litigation by the trustee in the bankruptcy court by the jurisdictional limitations, while providing a mechanism for assuring convenience to all parties to particular litigation and ensuring that the more general public interest in a fair and expeditious disposition of the litigation will be appropriately balanced in the final selection of a forum.

Reprinted in *Collier on Bankruptcy,* Appendix z, at 89-90 (15th ed. 1979).

The system established by the Code presumptively centers all bankruptcy-related litigation in one forum, the bankruptcy court, but provides some exceptions to the general rule where a non-forum district defendant is involved.

The basic venue provision, 28 U.S.C. § 1409(a), provides that a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending. Certain exceptions are provided in subsections (b) and (d). Section 1409(b) provides that a debtor-in-possession acting as trustee in a case under title 11 may commence a proceeding to recover a money judgment of or property worth less than $1,000.00 or a consumer debt of less than $5,000.00 only in the district court for the district in which the defendant resides. Section 1409(d) is applicable to proceedings commenced under title 11 which are based on claims arising after the commencement of the bankruptcy case from the operation of the business of the debtor.

Bankruptcy Rule 7004 was promulgated to implement the expanded jurisdictional powers of the bankruptcy courts by providing for nationwide service of process.[2]

2. Bankruptcy Rule 7004 provides in pertinent part:

> (b) SERVICE BY FIRST CLASS MAIL. In addition to the methods of service authorized by Rule 4(d) F.R.C.P., service may be made within the United States by first class mail postage prepaid as follows:
>
> (1) Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession ...
>
> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Congress recently amended those provisions of the Code which were declared unconstitutional by the United States Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).[3]

Under current law, the district courts have original and exclusive jurisdiction over all cases under title 11, 28 U.S.C. § 1334(a), and original but not exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to a case under title 11, or arising in or related to a case under title 11, 28 U.S.C. § 1334(b). Bankruptcy judges may hear and decide "core" bankruptcy matters pursuant to 28 U.S.C. § 157(b)(1) (1984). They may also hear "non-core" matters pursuant to 28 U.S.C. § 157(c)(1) (1984). However, in "non-core" proceedings, the bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court for entry of final judgment.

 In summary, we have jurisdiction to hear this proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(c)(1) and the Order of Reference signed by the Honorable Alfred L. Luongo, Chief Judge of the United States District Court for the Eastern District of Pennsylvania, on July 25, 1984, and referring all cases under title 11, and all proceeding arising in or related to a case under title 11, from the United States District Court for the Eastern District of Pennsylvania to the United States Bankruptcy Court for the Eastern District of Pennsylvania. Moreover, venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because this proceeding was commenced for the purpose of collecting a money judgment or property worth more than $1,000.00, and the claim arose prior to the filing of the petition. Accordingly, the motion to dismiss will be denied.

 Section 1412 of title 28 provides that venue may be transferred to another district in the interests of justice or for the convenience of the parties. However, the burden of proof is on the party requesting a transfer. *Cole Associates, Inc. v. Howes Jewelers, Inc.* (In re Cole Associates), 7 B.R. 154 (Bankr.D.Utah 1980); *Littleton National Bank v. Coleman American Companies* (In re Coleman American Companies, Inc.) 6 B.R. 915 (Bankr.D.Col.1980). Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Coleman*, 6 B.R. at 917. Moreover, there is a strong presumption in favor of maintaining venue where the bankruptcy case is pending. *See Trim-Lean Meat Products, Inc., Nixon Machinery Co. v. Roy Energy, Inc.* (In re Nixon Machinery), 27 B.R. 871, 873 (Bankr. E.D.Tenn.1983). The Court in *Nixon Machinery* stated:

> In a bankruptcy case, a paramount consideration is speedy and economic administration of the bankruptcy case. This consideration underlies the general rule that the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction.

*Id.*, (citations omitted)

 We have determined to maintain venue of this proceeding in this forum because the defendant has not met its burden of proving that it will have to bear any greater expense or inconvenience than the plaintiff would if we were to transfer venue to the Eastern District of New York. Accordingly, the motion for change of venue is also denied.

---

**3.** *See* the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353 (July 10, 1984).