NATIONAL ORGANIZATION FOR WOMEN; 51st State National Organization for Women; Maryland National Organization for Women; Planned Parenthood of Metropolitan Washington, DC, Inc.; Commonwealth Women's Clinic; Nova Women's Medical Center; Prince William Women's Clinic; Gynecare Associates; Metro Medical Center, Inc., d/b/a Annandale Women's Center; Virginia National Organization for Women; Alexandria Women's Health Clinic, Plaintiffs–Appellees,

and

National Abortion Federation; Capitol Women's Center, Inc.; Hillcrest Women's Surgi–Center; Metropolitan Family Planning Institute, Plaintiffs,

v.

OPERATION RESCUE; Randall Terry; Patrick Mahoney; Clifford Gannett; Michael McMonagle; Michael Bray; Jayne Bray, Defendants–Appellants,

and

Project Rescue; the D.C. Project; Veterans Campaign for Life, Defendants (Two Cases).

NATIONAL ORGANIZATION FOR WOMEN; 51st State National Organization for Women; Maryland National Organization for Women; Planned Parenthood of Metropolitan Washington, DC, Inc.; Commonwealth Women's Clinic; Capitol Women's Center, Inc.; Nova Women's Medical Center; Prince

William Women's Clinic; Gynecare Associates; Metro Medical Center, Inc., d/b/a Annandale Women's Center; Hillcrest Women's Surgi–Center; Metropolitan Family Planning Institute; Virginia National Organization for Women; Alexandria Women's Health Clinic, Plaintiffs–Appellants,

and

National Abortion Federation, Plaintiff,

v.

OPERATION RESCUE; Randall Terry; Patrick Mahoney; Clifford Gannett; Michael McMonagle; Michael Bray; Jayne Bray, Defendants–Appellees,

and

Project Rescue; the D.C. Project; Veterans Campaign for Life, Defendants.

Nos. 90–2606, 90–2607 and 90–2651.

United States Court of Appeals, Fourth Circuit.

Argued July 18, 1990.

Decided Sept. 19, 1990.

Jay Alan Sekulow, Christian Advocates Serving Evangelism, Washington, D.C., argued (Douglas W. Davis, James M. Henderson, Sr., Christian Advocates Serving Evangelism, Washington, D.C.; Thomas Patrick Monaghan, C. Peter Thomas S. Cornell, and Walter M. Weber, Free Speech Advocates, New Hope, Ky., on brief), for defendants-appellants.

John H. Schafer, Covington & Burling, Washington, D.C., argued (Laurence J. Eisenstein, Richard H. Seamon, Pamela S. Passman, Covington & Burling; and Sarah E. Burns, and Alison Wetherfield, Now Legal Defense and Educ. Fund, Washington, D.C., on brief), for plaintiffs-appellees.

584

Before CHAPMAN and WILKINSON, Circuit Judges, and ANDERSON, United States District Judge for the District of South Carolina, sitting by designation.

PER CURIAM:

This is an appeal of a permanent injunction entered against six individuals and Operation Rescue, an unincorporated association whose members oppose abortion and its legalization. The district court enjoined them, *inter alia*, from "trespassing on, blockading, impeding or obstructing access to or egress from" the premises of plaintiffs, facilities that provide abortions or abortion counseling. The court held that defendants' blockading of abortion facilities infringed the right to travel of women seeking to obtain abortions at clinics in the Washington metropolitan area, in violation of 42 U.S.C. § 1985(3), and certain of their rights under state law. *Nat'l Org. For Women (NOW) v. Operation Rescue*, 726 F.Supp. 1483 (E.D.Va.1989). Operation Rescue and the six individual defendants appeal. NOW cross-appeals, along with nine abortion facilities and four other organizational plaintiffs. We reject both appeals and affirm the judgment of the district court.

## I.

Plaintiffs are nine clinics in the Washington metropolitan area and Northern Virginia that provide various abortion-related services, and five organizations that seek to preserve a woman's right to obtain an abortion. Defendant Operation Rescue is an organization whose purpose is to prevent abortions and to oppose their legalization. One of the ways Operation Rescue seeks to effectuate these goals is to stage "rescue" demonstrations at abortion facilities. At these demonstrations, the participants "intentionally trespass on the clinic's premises for the purpose of blockading the clinic's entrances and exits, thereby effectively closing the clinic" and " 'rescu[ing]' ... fetuses scheduled for abortion." 726 F.Supp. at 1487. The individual defendants are persons who oppose abortion and its legalization, and who seek to advance their views in part by "planning, organizing and participating in 'rescue' demonstrations under the banner and auspices of Operation Rescue." *Id.* at 1488.

On November 8, 1989, plaintiffs filed a motion for a temporary restraining order in United States District Court for the Eastern District of Virginia, seeking to enjoin defendants from, among other things, physically impeding access to certain facilities that offer abortion and related services. The impetus for this action was defendants' alleged plans for meetings, rallies, and "rescue" demonstrations on November 10–12 and 18–20, 1989 in the Washington metropolitan area. No rescue activities took place in Northern Virginia during that period. However, clinics in Maryland and the District of Columbia were closed due to demonstrations on those dates.

The district court granted plaintiffs' motion for a temporary restraining order after an expedited hearing on November 8–9, 1989. The trial of the action on the merits and the hearing on the application for a preliminary injunction were consolidated and scheduled to be heard on November 16, 1989. After a two day trial in which plaintiffs presented testimony from nine witnesses and defendants elected to present no evidence, the district court granted the request for a permanent injunction. The court enjoined defendants from "trespassing on, blockading, impeding or obstructing access to or egress from the [listed] premises." *Id.* at 1497. The court refused on First Amendment grounds to extend the injunction to enjoin rescue activities that tend to "intimidate, harass or disturb patients or potential patients." *Id.*

The district court concluded that defendants' activities operated to deny to women seeking abortions and abortion-related services the right to travel interstate in search of medical services in violation of 42 U.S.C. § 1985(3). The court noted that the elements of a cause of action under § 1985(3) are:

"(i) conspiracy; (ii) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal

privileges and immunities under the laws; (iii) an act in furtherance of the conspiracy; (iv) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."

*Id.* at 1492 (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971)). The court held that defendants had violated § 1985(3) by entering into a conspiracy to deprive women, whom it found to be a protected class within the meaning of § 1985(3), of their constitutional right to travel. It reasoned, citing *Doe v. Bolton,* 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973), that the rescue demonstrations interfere with the right to travel because substantial numbers of women seeking the services of clinics in the Washington metropolitan area travel interstate to obtain these services.

The court further found that permanent injunctive relief was appropriate because: (i) there was no adequate remedy at law; (ii) the balance of equities favored plaintiffs; and (iii) the public interest was served by granting the injunction. The court found that women seeking abortions and counseling were likely to suffer irreparable physical and emotional harm as a result of defendants' blockading of abortion facilities. The court noted, for example, that some women require insertion of a pre-abortion laminaria to achieve cervical dilation. Women prevented from entering the clinics for timely removal of this device may risk bleeding, infection, or other possible serious complications, or may be forced to seek services elsewhere. Similarly, the court referenced testimony to the effect that preventing access to abortion clinics could cause clients to experience stress, anxiety, and mental harm. 726 F.Supp. at 1489. The court concluded that since plaintiffs' actions were lawful, although morally objectionable to defendants, the balance of equities weighed in favor of guaranteeing the public protection of the constitutional right to travel.

Operation Rescue now appeals, and the National Organization for Women cross-appeals the district court's refusal to extend the scope of the injunction.

## II.

■ We have reviewed the record and the reasoning of the district court in granting the injunction. We affirm the judgment because the district court found that the activities of appellants in furtherance of their beliefs had crossed the line from persuasion into coercion and operated to deny the exercise of rights protected by law. *See* 726 F.Supp. at 1489, 1492–93. The legal premises under which the district court operated are also consistent with the law of the circuits. The court's holding that gender-based animus satisfies the "purpose" element of § 1985(3) has been forecast by this circuit in *Buschi v. Kirven,* 775 F.2d 1240, 1257 (4th Cir.1985) (animus against classes defined by "race, national origin and sex" meet requirement of class-based animus within meaning of 1985(3)). At least six circuits have so held. *See New York Nat'l Org. for Women (NOW) v. Terry,* 886 F.2d 1339, 1359 (2d Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 2206, 109 L.Ed.2d 532 (1990); *Volk v. Coler,* 845 F.2d 1422, 1434 (7th Cir.1988); *Stathos v. Bowden,* 728 F.2d 15, 20 (1st Cir.1984); *Novotny v. Great Am. Fed. Savings & Loan Ass'n,* 584 F.2d 1235, 1244 (3d Cir. 1978), *vacated on other grounds,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979); *Life Ins. Co. of N. Am. v. Reichardt,* 591 F.2d 499, 505 (9th Cir.1979); *Conroy v. Conroy,* 575 F.2d 175, 177 (8th Cir.1978). *But cf. Mississippi Women's Medical Clinic v. McMillan,* 866 F.2d 788, 794 (5th Cir.1989). The Second Circuit has held under similar facts that blocking access to medical services provided by abortion facilities which serve an interstate clientele violates the constitutional right to travel. *See New York NOW,* 886 F.2d at 1360–61.

■ Moreover, we review the entry, scope, and duration of an injunction under an abuse of discretion standard. *See Prendergast v. New York Tel. Co.,* 262 U.S. 43, 50–51, 43 S.Ct. 466, 469, 67 L.Ed. 853 (1923). We find that the district court operated in conformity with other circuits on the relevant questions of law, and we are

unable to conclude that the court abused its discretion in entering an injunction of this scope and duration against the respective parties. Specifically, we reject the argument of Operation Rescue that there was insufficient evidence to grant relief against defendants Bray, McMonagle and Gannett. We also reject NOW's contention that the district court abused its discretion in limiting the injunction to Northern Virginia and in declining to extend the injunction indefinitely. In addition, we affirm the district court's refusal to broaden the scope of the injunction to include activities that tend to "intimidate, harass or disturb patients or potential patients" because to do so would risk enjoining activities clearly protected by the First Amendment. In addition to the actions enjoined by the district court, the members of Operation Rescue also sought, through verbal means, to persuade women not to seek the services of abortion clinics and to "impress upon members of society" the moral rightness and intensity of their opposition to abortion. 726 F.Supp. at 1488. The district court was within its discretion in declining to extend the injunction in a manner that would interfere with such expressive activity. In view of our disposition of the federal question raised by appellants we also decline to disturb the district court's refusal to dismiss the state law claims, and we uphold as well its award of costs and attorneys fees. The district court did not, and we do not, reach the question of whether § 1985(3) can encompass violations of a right to privacy.

Accordingly, the judgment of the district court is affirmed in all respects for the reasons stated in its opinion.

AFFIRMED.