Jerry A. Seales, Topeka, Kan., for plaintiffs.

**Judy BENCH, and the Electrolysis Studio, Plaintiffs,**

v.

**Daniel LICKTEIG, Missionaries to the Pre–Born, Operation Rescue, and John Doe, et al., Defendants.**

**Civ. A. No. 91–4226–S.**

United States District Court, D. Kansas.

Nov. 26, 1991.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of plaintiffs to vacate this court's Memorandum and Order filed September 24, 1991, dismissing the above-captioned matter for lack of subject matter jurisdiction and for leave to file an amended complaint.[1]

Initially, plaintiffs petitioned the court for the entry of a preliminary injunction, invoking this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1343. The court found that plaintiffs had not alleged any violation of federal rights, and thus, dismissed the action for lack of subject matter jurisdiction. Plaintiffs have since amended their complaint and now allege federal subject matter jurisdiction over their claims pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1985(3). Plaintiffs contend that defendants have conspired to violate their customers' rights, namely the constitutional right to travel and other specific state rights,[2] and that defendants' conduct

---

1. Although plaintiffs have cast their motion to reconsider as one to vacate under Rule 60(b)(6), the court finds that plaintiffs' motion is in actuality a motion to alter or amend a judgment pursuant to Fed.R.Civ.P. 59(e) or Local Rule 206(f).

2. While plaintiffs have alleged that some of the patrons are out-of-state students who attend the

is directed at them because of their membership in the class of women seeking to patronize plaintiffs' electrolysis service. Thus, plaintiffs contend this court's jurisdiction is proper under 42 U.S.C. § 1985(3).

The underlying dispute arose out of anti-abortion protests and picketing on the premises of an office building shared by the plaintiffs and a physician who allegedly performs abortions in his clinic. Plaintiffs contend that defendants have blocked the entrance of their business and have prevented customers from patronizing their business resulting in irreparable harm and economic injury. Plaintiffs further contend that defendants' actions constitute violations of plaintiffs' civil rights, and civil liberties protected by the United States Constitution, namely the first amendment, fifth amendment and the fourteenth amendment. Plaintiffs also contend that defendants' interference with their patrons access to plaintiffs' place of business is an unconstitutional interference with the customers' right to travel.[3] Finally, plaintiffs contend that defendants have violated state laws prohibiting trespassing and private and public nuisances.

After carefully reviewing plaintiffs' motion and amended complaint, the court finds that plaintiffs' motion to alter or amend the judgment should be denied, and that plaintiffs' motion for leave to file an amended complaint should be denied. In order to invoke this court's jurisdiction pursuant to 42 U.S.C. § 1985(3), plaintiffs must allege:

(1) a conspiracy;

(2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and

(3) an action in furtherance of the conspiracy;

(4) whereby a person is either injured in his person or deprived of any right or privilege of a citizen of the United States.

*United Bhd. of Carpenters and Joiners of Am., Local 610, AFL–CIO v. Scott,* 463 U.S. 825, 828–29, 103 S.Ct. 3352, 3355–56, 77 L.Ed.2d 1049 (1983). Assuming that plaintiffs' allegations are sufficient to satisfy the first, third and fourth requirements, the court finds that plaintiffs' claim fails because there is no class-based discriminatory animus present to invoke this court's jurisdiction under Section 1985(3). *See Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). "The language [of Section 1985(3)] requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* In their complaint, plaintiffs contend that defendants' conduct is motivated by an invidiously discriminatory animus directed at women who seek the services of the Electrolysis Studio. Assuming this allegation were true, the court finds that this is not the type of class-based animus which Section 1985(3) was intended to address. Rather, the class of women prevented from entering plaintiffs' electrolysis business is a class created as the result of both defendants' tortious conduct and the close proximity to the defendants' protests.[4] As stated in *Askew v. Bloemker,* a class created as a result of defendants' tortious conduct, does not satisfy the "class" of victims, because "it is not possible for defendants to have conspired to discriminate against a class that did not even exist until after they had acted." 548

---

University of Kansas, plaintiffs have not alleged that any of the patrons traveled from out-of-state to patronize plaintiffs' electrolysis services.

**3.** The court notes that plaintiffs have not named any individual customer as a plaintiff, and thus, plaintiffs are seeking to assert their customers' rights through representational standing. While the court is doubtful that plaintiffs may assert third-party standing to seek redress for

violations of their patrons' constitutional rights, the court will not address this issue.

**4.** A different result might be obtained if the plaintiffs were the women seeking abortions; however, that question is not before the court. *See, e.g., National Organization for Women v. Operation Rescue,* 914 F.2d 582 (4th Cir.1990), *cert. granted,* —— U.S. ——, 111 S.Ct. 1070, 112 L.Ed.2d 1176.

F.2d 673, 678 (7th Cir.1976). *See also Lopez v. Arrowhead Ranches,* 523 F.2d 924, 927 (9th Cir.1975) ("the statutory action is restricted to injuries inflicted upon the victim because of his status as a member of an identifiable class."). Consequently, the court finds that plaintiffs' amended complaint fails to allege subject matter jurisdiction. Accordingly, the court finds that plaintiffs' motion to vacate this court's previous ruling and for leave to file an amended complaint should be denied.[5]

IT IS BY THE COURT THEREFORE ORDERED that the motion of plaintiffs Judy Bench and The Electrolysis Studio to vacate judgment and for leave to amend is denied.

---

**5.** The court further notes that while dismissal may appear to be harsh, plaintiffs may seek redress in the state courts.