24 F.3d 107
 WOMEN'S HEALTH CARE SERVICES, P.A.; George R. Tiller, M.D.,
P.A.; George R. Tiller, Individually; Wichita
Family Planning, Inc., Plaintiffs-Appellees,
v.
OPERATION RESCUE, NATIONAL, also known as Operation Rescue;
Randall Terry; Patrick Mahoney; Keith Tucci;
Jim Evans; Joe Slovenec, Defendants-Appellants, and
Wendy Wright, Defendant.
National Organization for Women, Kansas NOW, the
Reproductive Freedom Project of the American Civil Liberties
Union, Planned Parenthood Federation of America, the
National Abortion Rights Action League, and the ACLU of
Kansas; United States, Amici Curiae.
 No. 91-3250.
 United States Court of Appeals,
Tenth Circuit.
 May 11, 1994.
 
 John E. Cowles, Wichita, KS, for plaintiffs-appellees Women's Health Care Services, P.A., and George R. Tiller, M.D., P.A.
 Jay Alan Sekulow, James M. Henderson, Sr., and Walter M. Weber, Washington, DC, Thomas P. Monaghan, New Hope, KY, and Richard A. Macias, Wichita, KS, for defendants-appellants.
 Rachel Pine of ACLU Reproductive Freedom Project, New York City, Jim Lawing, Wichita, KS, Helen Neuborne, Alison Wetherfield, and Burt Neuborne of NOW Legal Defense and Education Fund, New York City, E.L. Lee Kinch, Wichita, KS, for amici curiae Nat. Organization for Women, Kansas NOW, the Reproductive Freedom Project of the American Civ. Liberties Union, Planned Parenthood Federation of America, the Nat. Abortion Rights Action League and the ACLU of Kansas.
 James P. Turner, Acting Asst. Atty. Gen., David K. Flynn, and William R. Yeomans, Dept. of Justice, Washington, DC, for amicus curiae U.S.
 Before ANDERSON, McKAY, and TACHA, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal is taken from an order of the United States District Court for the District of Kansas entered August 5, 1991, granting a preliminary injunction which enjoined defendants and persons and organizations acting in concert with them from trespassing on, sitting in, or blocking access to any facility at which abortions, family planning, or gynecological services are provided by plaintiffs in Wichita, Kansas, and from harassing or obstructing persons seeking to use those services or persons working at the facilities. We have jurisdiction under 28 U.S.C. Sec. 1292(a)(1).[1]
 
 
 2
 The operative facts underlying the district court's decision, as well as the primary basis for the relief sought, are found at Women's Health Care Services, P.A. v. Operation Rescue-National, 773 F.Supp. 258, 260-63 (D.Kan.1991), and need not be elaborated on here, except as specifically noted.
 
 
 3
 After this appeal was noticed, the Supreme Court granted certiorari in National Organization for Women v. Operation Rescue, 914 F.2d 582 (4th Cir.1990), cert. granted sub nom. Bray v. Alexandria Women's Health Clinic, 498 U.S. 1119, 111 S.Ct. 1070, 112 L.Ed.2d 1176 (1991), and we then abated this appeal. The Supreme Court's subsequent decision in Bray v. Alexandria Women's Health Clinic, --- U.S. ----, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993), "radically altered" the "judicial landscape of Sec. 1985(3)." Town of West Hartford v. Operation Rescue, 991 F.2d 1039, 1045 (2d Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 185, 126 L.Ed.2d 144 (1993).[2]
 
 
 4
 We then directed the parties to brief the effect of Bray on this appeal.[3] Our decision is guided by memorandum briefs filed by the parties, as well as amicus briefs filed by the United States and the National Organization for Women, et al.
 
 
 5
 To prove a private conspiracy in violation of the first clause of Sec. 1985(3), a plaintiff must show that " 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action' " and that the conspiracy " 'aimed at interfering with rights ... protected against private, as well as official, encroachment.' " Bray, --- U.S. at ----, 113 S.Ct. at 758 (citations omitted). The Court found that the record in Bray did not indicate that the Operation Rescue demonstrators were "motivated by a purpose (malevolent or benign) directed specifically at women as a class." Id. at ----, 113 S.Ct. at 759.
 
 
 6
 The federal claim also failed to support a private conspiracy theory because this requires an intent to deprive persons of a right (such as interstate travel) guaranteed against private impairment. Id. at ----, 113 S.Ct. at 762. The Court found there was no intent to infringe on the right of interstate travel. Moreover, while there may have been an intent to interfere with women obtaining abortions, the latter is not a "right protected against private action that has been the object of the alleged conspiracy" under Sec. 1985(3). Id. at ----, 113 S.Ct. at 764.
 
 
 7
 In dicta, the Court opined that the second clause of Sec. 1985(3), i.e., the "hindrance clause,"[4] would not provide a basis for this action, either, because of the lack of a class-based animus and the failure to describe rights protected against official (as opposed to private) encroachment. Id. at ----, 113 S.Ct. at 764-67.
 
 
 8
 Finally, the Court determined that the Sec. 1985(3) claims were not so insubstantial as to deprive the district court of subject matter jurisdiction. In remanding the matter for further proceedings the Court held:
 
 
 9
 While respondents' Sec. 1985(3) causes of action fail, they were not, prior to our deciding of this case, "wholly insubstantial and frivolous," Bell v. Hood, 327 U.S. 678, 682-683, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946), so as to deprive the District Court of jurisdiction.
 
 
 10
 It may be, of course, that even though the District Court had jurisdiction over the state-law claims, judgment on those claims alone cannot support the injunction that was entered. We leave that question for consideration on remand.
 
 
 11
 Id. at ----, 113 S.Ct. at 768.
 
 
 12
 In the wake of Bray, numerous courts have redetermined the posture of lawsuits such as this one. See, e.g., National Abortions Fed'n v. Operation Rescue, 8 F.3d 680, 687 (9th Cir.1993) (conspiracy to prevent or hinder state law enforcement officers from securing constitutional right to abortion is actionable under Sec. 1985(3)); New York State Nat'l Organization for Women v. Terry, 996 F.2d 1351, 1352 (2d Cir.1993) (reinstating initial judgment in New York State Nat'l Organization for Women v. Terry, 961 F.2d 390 [2d Cir.1992], vacated and remanded sub nom. Pearson v. Planned Parenthood Margaret Sanger Clinic, --- U.S. ----, 113 S.Ct. 1233, 122 L.Ed.2d 640 [1993], and directing that application for relief in light of Bray be addressed by district court in first instance), petition for cert. filed, 62 U.S.L.W. 3396 (U.S. Nov. 22, 1993) (No. 93-828); Town of West Hartford v. Operation Rescue, 991 F.2d at 1048 (case remanded to district court to conduct "assessment of the animus aspect of the case at bar ... in the light of the legal principles relating to animus announced in Bray, of the record evidence bearing on appellants' motivation"); People ex rel. Abrams v. Operation Rescue Nat'l, 1994 WL 23118, at * 1, 1994 U.S.Dist. LEXIS 485, at * 2-3 (S.D.N.Y. Jan. 21, 1994) (denying motion to vacate or modify preliminary injunction on ground injunctive relief not available under Sec. 1985(3) and declining suggestion court not exercise pendent jurisdiction over state law claims); Pro-Choice Network v. Project Rescue, 828 F.Supp. 1018, 1025-27 (W.D.N.Y.1993) (allowing plaintiffs opportunity to file amended Sec. 1985(3) cause of action; declining to vacate preliminary injunction; continuing to exercise pendent jurisdiction over state claims); Cooley v. Arena, 1993 WL 463760, at * 3, 1993 U.S.Dist. LEXIS 16069, at * 11 (N.D.N.Y. Nov. 5, 1993) (even after Bray defendants could properly be held in contempt for violating injunction, where injunction still valid insofar as premised on state law); Upper Hudson Planned Parenthood v. Doe, 836 F.Supp. 939, 949, 955, 958 (N.D.N.Y.1993) (Sec. 1985(3) prevention claim would require same showing of class-based animus as does deprivation claim; declining to allow further opportunity to amend complaint; continuing to exercise jurisdiction over state law claims).
 
 
 13
 In this case, the district court clearly premised its grant of injunctive relief on both the federal and state claims.
 
 
 14
 Even if the federal claims against the defendants were dismissed, this court concludes specifically that, in its discretion and in the interests of judicial economy and a prompt resolution of the present dispute, continued jurisdiction over the pendent state claims is warranted and that injunctive relief on those claims is justified.
 
 
 15
 773 F.Supp. at 268.
 
 
 16
 Thus, even after Bray, there may remain a basis for jurisdiction over this action. See Raucci v. Town of Rotterdam, 902 F.2d 1050, 1054 (2d Cir.1990) (dismissal of pendent claims not always required when federal claims in an action are dismissed); Pro-Choice Network v. Project Rescue, 828 F.Supp. at 1027 ("Regardless of the ultimate disposition of plaintiffs' Sec. 1985(3) claim, the Court will continue to exercise pendent jurisdiction over the six state-law claims.").
 
 
 17
 The preliminary injunction in the district court has been stayed for nearly two years. We reverse the district court's order to the extent that the injunction was based on the prevention clause of Sec. 1985(3). We remand the case to the district court for a determination whether there remains any bases for federal jurisdiction in this case and, if so, for further proceedings in light of Bray.
 
 
 18
 Upon remand, all proceedings in this case should be presented to and decided by a different judge. In United States v. Cooley, 1 F.3d 985, 995 (10th Cir.1993), we held that the district judge abused his discretion in denying defendants' motions under 28 U.S.C. Sec. 455(a) to disqualify himself. Although Cooley involved criminal convictions under 18 U.S.C. Sec. 1509 and this is a civil action, the statements made by the judge on a national television program apply with equal force here.
 
 
 19
 REVERSED and REMANDED.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 Section 1985(3) provides:
 If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.
 42 U.S.C. Sec. 1985(3) (1988).
 
 
 [3]
 Meanwhile, on May 27, 1992, the district court "suspended its order of August 5, 1991, and redelivered jurisdiction to the City of Wichita." Memorandum Order filed August 24, 1993
 
 
 [4]
 "If two or more persons ... conspire ... for the purpose of preventing or hindering ... authorities ... from giving or securing to all persons ... the equal protection of the laws...."